# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2404

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Wilmer Lee Scurlark, | * | |
| also known as BONAY, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 9, 2009
Filed: March 26, 2009 **(Corrected 4/9/09)**

_____

Before LOKEN, Chief Judge, MELLOY and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Wilmer Scurlark appeals the district court's[1] denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

---

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

I.

In 2006, a federal grand jury indicted Scurlark for attempted distribution of crack cocaine, possession with intent to distribute crack cocaine, and failure to appear. Scurlark and the Government entered into a plea agreement whereby Scurlark agreed to plead guilty to possession with intent to distribute crack cocaine. In exchange, the Government agreed to dismiss the indictment's remaining counts, forgo seeking sentencing enhancements, and recommend a forty-percent downward variance. Additionally, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to a binding sentencing range of 151 to 188 months' imprisonment, agreeing that Scurlark's offense level was 33 and that he had a Category II criminal history. The district court accepted Scurlark's guilty plea and the parties' plea agreement. The court then applied the Government's recommended forty-percent downward variance to the parties' agreed upon sentencing range and sentenced Scurlark to 100 months' imprisonment.

In 2008, Scurlark moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Scurlark argued that the crack cocaine amendments to the U.S. Sentencing Guidelines—which retroactively reduced base-offense-level calculations for crack-cocaine offenses—reduced his base offense level to 31, making his recommended sentencing range only 121 to 151 months. See United States v. Starks, 551 F.3d 839, 840 (8th Cir. 2009) (discussing the crack cocaine amendments to the U.S. Sentencing Guidelines). Scurlark asked the district court to apply a forty-percent downward variance to that range and reduce his sentence accordingly.

The district court denied Scurlark's motion. It found as a matter of law that it could not reduce Scurlark's sentence under § 3582(c)(2) because Scurlark had been sentenced pursuant to a binding Rule 11(c)(1)(C) plea agreement. Scurlark filed a timely notice of appeal.

## II.

On appeal, Scurlark argues that the district court erred in finding that, under § 3582(c)(2), Rule 11(c)(1)(C) plea agreements prohibit courts from reducing sentences pursuant to subsequent amendments to the U.S. Sentencing Guidelines. We review the court's legal conclusion de novo. See United States v. Spotted Elk, 548 F.3d 641, 668 (8th Cir. 2008).

The applicable provision of § 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). "The policy statement applicable to sentence reductions based on retroactive amendments by the Sentencing Commission is USSG § 1B1.10." Starks, 551 F.3d at 841. Section 1B1.10 authorizes sentence reductions pursuant to the crack-cocaine amendments. Id.

Despite § 3582(c)(2)'s authorization for district courts to reduce sentences pursuant to the crack cocaine amendments, the Government nevertheless argues that § 3582(c)(2) is inapplicable here because Scurlark's sentence was based on a binding

Rule 11(c)(1)(C) plea agreement, not the subsequently amended Guidelines.[2]  We agree.

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure[3] provides that a "plea agreement may specify that an attorney for the government will . . . (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case." Fed. R. Crim. P. 11(c)(1)(C).  It further declares that "such a recommendation or request binds the court once the court accepts the plea agreement." Id.  Accordingly, "[a] plea agreement under Rule 11(c)(1)(C), like all plea agreements, is binding on both the government and the defendant, but Rule 11(c)(1)(C) plea agreements are

---

[2] The majority of courts that have examined this issue have adopted the Government's position that courts may not act pursuant to subsequent Guidelines amendments to reduce sentences under § 3582(c)(2) for defendants who were sentenced pursuant to binding Rule 11(c)(1)(C)—formerly Rule 11(e)(1)(C)—plea agreements. See, e.g., United States v. Graham, No. 08-8041, 2008 WL 5328446, at *2 (10th Cir. Dec. 22, 2008) (unpublished); United States v. Peveler, 359 F.3d 369, 378–79 (6th Cir. 2004); United States v. Brown, 71 F. App'x 383, 384 (5th Cir. 2003) (unpublished); United States v. McKenna, 134 F.3d 380, 1998 WL 30793, at *1 (9th Cir. Jan.16, 1998) (unpublished table decision); United States v. Hemminger, 114 F.3d 1192, 1997 WL 235838, at *1 (7th Cir. May 2, 1997) (unpublished table decision); United States v. Oliver, 589 F. Supp. 2d 39, 40–41 (D.D.C. 2008); United States v. Madden, No. CR05-213RSL, 2008 WL 4933982, at *1 (W.D. Wash. Nov. 17, 2008); United States v. Arroyo, No. 97 CR 1146(ILG), 2008 WL 2497430, at *1 (E.D.N.Y. June 18, 2008); United States v. Clayborn, No. 1:CR-05-51-01, 2008 WL 2229531, at *1 (M.D. Pa. May 28, 2008); United States v. Hines, No. 3:02-CR-141, 2008 WL 2169516, at *2 (E.D. Tenn. May 22, 2008).  But see United States v. Dews, 551 F.3d 204, 207–12 (4th Cir. 2008); United States v. Coleman, 594 F. Supp. 2d 164, 165–67 (D. Mass. 2009).

[3] "The Federal Rules of Criminal Procedure were amended in 2002, and language similar to that contained in the 1999 version of Rule 11(e)(1)(C) is now found in Fed. R. Crim. P. 11(c)(1)(C) (2007)." United States v. E.V., 500 F.3d 747, 753 n.9 (8th Cir. 2007).  The 2002 amendment to the provision made only "stylistic" changes.  Fed. R. Crim. P. 11 advisory committee's note.

unique in that they are also binding on the court *after* the court accepts the agreement." United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008); see also United States v. Pacheco-Navarette, 432 F.3d 967, 972 (9th Cir. 2005) ("[T]he district court is not permitted to deviate from . . . sentences stipulated in [Rule 11(c)(1)(C)] agreements."); United States v. Williams, 260 F.3d 160, 165 (2d Cir. 2001) ("[A] district court may accept or reject a Rule 11(e)(1)(C) sentence bargain, but may in no event modify it.").

Here, the parties' stipulated to a sentencing range in their plea agreement and agreed to be bound by the terms of Rule 11(c)(1)(C). Each party offered concessions to reach the agreement, and the district court could have accepted or rejected the agreement based upon its determination that the agreement was not "involuntary or unfair." Kling, 516 F.3d at 704. The district court undisputedly accepted the agreement. Under Rule 11(c)(1)(C), the court therefore was bound to sentence Scurlark pursuant to the terms of the parties' agreement, and § 3582(c)(2) became inapplicable because Scurlark's sentence was based on the agreement and not "a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission." § 3582(c)(2); see also United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) ("A sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea."); United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996) ("Mr. Trujeque's sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.' Instead, his sentence was based on a valid Rule 11(e)(1)(C) plea agreement." (quoting 18 U.S.C. § 3582(c)(2))).

The circumstances surrounding this Rule 11(c)(1)(C) plea agreement demonstrate the contractual nature of the agreement and the fact that the sentence was not based on a sentencing range that was subsequently lowered. Scurlark was originally arrested and charged in 1994 with possession with intent to distribute 218

grams of crack cocaine. He absconded and was a fugitive until 2006. During the time he was a fugitive, Scurlark appeared to lead a law-abiding and productive life. The 2006 plea agreement was apparently struck to address the fact that Scurlark had led a law-abiding life for twelve years and to relieve the government of the burden of having to prove a case in which evidence had been destroyed and memories had faded. Among the benefits Scurlark received in the plea agreement by being sentenced outside of the Guidelines were the dismissal of the count that carried a mandatory ten-year minimum sentence, a Government agreement to recommend a forty-percent downward variance, a Government agreement not to contest acceptance of responsibility credit in spite of an obstruction of justice enhancement, and an agreement to other favorable Guideline computations.

Scurlark argues, however, that his sentence was, in fact, based on the Sentencing Guidelines because the plea agreement stipulated to a sentencing range, not a particular sentence. This distinction does not distinguish Scurlark's case under Rule 11(c)(1)(C). Rule 11(c)(1)(C) itself provides that parties may agree to "a specific sentence *or* sentencing range" and states that courts are bound by those agreements regardless. Fed. R. Crim. P. 11(c)(1)(C) (emphasis added); see also Pevelar, 359 F.3d at 378 ("The fact that the parties in this case specified an offense level under the sentencing guidelines rather than a fixed period of imprisonment . . . is a distinction without a difference in terms of the court lacking the power to amend the plea agreement."). Had Scurlark been strictly sentenced in accordance with the Guidelines, it is likely his Guideline sentence would have been at or near the twenty-year mandatory maximum. For these reasons, we agree with the district court that it had no authority to reduce Scurlark's sentence under § 3582(c)(2).

III.

We affirm the district court's judgment denying Scurlark's motion for a sentence reduction.

_____