# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2512

_____

United States of America,                  *
                                            *
           Appellee,                        *
                                            *   Appeal from the United States
     v.                                     *   District Court for the
                                            *   Southern District of Iowa.
Sidney L. Shelton, also known as            *
Andre Henderson,                            *
                                            *   [UNPUBLISHED]
           Appellant.                       *

_____

Submitted: March 9, 2009
Filed: May 1, 2009

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

        In 1998, Sidney L. Shelton pleaded guilty to one count of conspiring to distribute cocaine base. Pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C) (1998),[1] Shelton agreed to a 300-month sentence. The district court[2] accepted Shelton's plea agreement and sentenced him to 300 months' imprisonment.

_____

[1] Former Rule 11(e)(1)(C) is now Rule 11(c)(1)(C). See Fed. R. Crim. P. 11 advisory committee note.

[2] The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

In 2008, after the U.S. Sentencing Commission approved the crack cocaine amendments to the U.S. Sentencing Guidelines, Shelton moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Shelton's motion because it found that Shelton's Rule 11(e)(1)(C) plea agreement made him ineligible for such a reduction.

Shelton appeals the district court's ruling and argues that, as a matter of law, his Rule 11(e)(1)(C) plea agreement does not make him ineligible for a § 3582(c)(2) sentence reduction pursuant to the crack cocaine amendments. Our decision in United States v. Scurlark, 560 F.3d 839 (8th Cir 2009), forecloses Shelton's argument. In Scurlark, we rejected a materially indistinguishable argument and held that courts may not, based on subsequent Guidelines amendments, reduce sentences under § 3582(c)(2) for defendants who have pleaded guilty pursuant to Rule 11(c)(1)(C) plea agreements. Id. at 841–43. For the reasons set forth in Scurlark, we therefore affirm the district court.

———————————————————