# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  08-2964

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　　Appellee,　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United
　　　v.　　　　　　　　　　　　　　*　States District Court for the
　　　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Eric Delon Fonville,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　Appellant.　　　　　　 *

_____

Submitted: May 11, 2009
Filed:  May 18, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

On May 1, 2008, Eric Delon Fonville (Fonville) filed a motion with the district court[1] requesting a sentence reduction under 18 U.S.C. § 3582(c)(2).  Fonville argued his sentence was based upon the United States Sentencing Guidelines (U.S.S.G. or Guidelines), and therefore, his sentence should be reduced pursuant to the Guidelines' amendments which retroactively reduced the offense level applicable to cocaine base (crack) offenses.  See Amendment 706 to U.S.S.G. § 1B1.10(c); Amendment 715 to U.S.S.G. §§ 1B1.10, 2D1.1.  The district court denied Fonville's motion because

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

Fonville was sentenced according to the terms of a Federal Rule of Criminal Procedure 11(c)(1)(C) (formerly Fed. R. Crim. P. 11(e)(1)(C)) plea agreement, which was agreed to by the parties and accepted by the sentencing court.

On appeal, Fonville argues his Rule 11(c)(1)(C) plea agreement does not preclude a sentence reduction under 18 U.S.C. § 3582(c)(2). In <u>United States v. Scurlark</u>, 560 F.3d 839, 842-43 (8th Cir. 2009), our court held that when a sentence is based upon a binding Rule 11(c)(1)(C) plea agreement, courts are bound by the terms of the agreement and have no authority under § 3582(c)(2) to alter those terms because of the subsequently amended Guidelines for the retroactive crack cocaine sentencing reduction. We follow our precedent, as we must, and affirm the district court's opinion and judgment denying Fonville's motion for a reduced sentence.

_____