# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2470

_____

United States of America,

        Appellee,

v.

Leslie Eugene Dixon,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: July 7, 2009
Filed: July 15, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Leslie Eugene Dixon appeals the district court's[1] denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c). We affirm.

In 2006, Dixon pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and distribution of cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 860. The district court sentenced him, in accordance with

_____

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

the parties' agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), to 180 months in prison and 6 years of supervised release. In May 2008 Dixon moved for a reduction in his sentence based on Amendment 706 to the Guidelines, which retroactively lowered the base offense level for crack offenses. The government responded that Dixon was not eligible for a sentence reduction because he was sentenced to an agreed-upon term pursuant to Rule 11(c)(1)(C), and the district court denied Dixon's motion.

Under similar circumstances, we recently found that the district court had no authority under section 3582(c)(2) to reduce a sentence imposed for a crack offense when the sentence was based on a Rule 11(c)(1)(C) plea agreement, notwithstanding the retroactive amendments to the Sentencing Guidelines. See United States v. Scurlark, 560 F.3d 839 (8th Cir. 2009).

Accordingly, we grant counsel's motion to withdraw and we affirm the judgment of the district court.

_____