# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

—————

No. 08-3847

—————

United States of America,            *
                                      *

    Plaintiff - Appellant,       *
                                      * Appeal from the United States

v.                           * District Court for the Southern
                                      * District of Iowa.

Theodore T. Browne,        *
                                      *  [UNPUBLISHED]

    Defendant - Appellee.      *

—————

Submitted: June 12, 2009
Filed: February 11, 2010

—————

Before LOKEN, Chief Judge, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

—————

PER CURIAM.

On April 21, 1997, Theodore T. Browne pled guilty to a cocaine base ("crack") offense. He was sentenced to 210 months' imprisonment pursuant to the terms of a plea agreement made under former Federal Rule of Criminal Procedure 11(e)(1)(C),[1] which the sentencing court accepted. On June 11, 2008, Browne filed a motion for

---

[1]At the time of Browne's plea, Federal Rule of Criminal Procedure 11(e)(1)(C) governed pleas where the parties "agree that a specific sentence is the appropriate disposition of the case." In 2002, Rule 11 was reorganized and "language similar to that contained in the [applicable] version of Rule 11(e)(1)(C) is now found in Fed. R. Crim. P. 11(c)(1)(C)." United States v. Scurlark, 560 F.3d 839, 842-43 (8th Cir. 2009).

reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  After holding a hearing on the matter, the district court granted Browne's motion and reduced his sentence to 168 months.  The government appeals, arguing that the district court was without authority to grant a § 3582(c)(2) reduction because Browne's sentence was based on the terms of a Rule 11(e)(1)(C) plea agreement, and therefore was not "based on a sentencing range" as required for application of § 3582(c)(2).

"In United States v. Scurlark, 560 F.3d 839, 842-43 (8th Cir. 2009), our court held that when a sentence is based upon a binding Rule 11(c)(1)(C) plea agreement, courts are bound by the terms of the agreement and have no authority under § 3582(c)(2) to alter those terms because of the subsequently amended Guidelines for the retroactive crack cocaine sentencing reduction." United States v. Fonville, 327 Fed.App. 673, 674 (8th Cir. 2009).  Scurlark is equally controlling in the context of a binding plea made under 11(e)(1)(C), the predecessor to Rule 11(c)(1)(C).  Accordingly, the district court erred in granting Browne's motion for a reduction in sentence.  The judgment of the district court is reversed.

_____