# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3862

_____

United States of America

*Plaintiff - Appellee*

v.

Elnora Levitha Logan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 10, 2012
Filed: April 2, 2013

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Elnora Logan appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her sentence based on an amendment to the advisory guidelines that lowered the base offense levels for certain cocaine base ("crack cocaine") drug offenses. The district court ruled that Logan was not eligible for § 3582(c)(2) relief. We conclude that this ruling is inconsistent with the Supreme Court's recent decision in Freeman v. United States, 131 S. Ct. 2685 (2011), governing when defendants sentenced for crack offenses based upon Rule 11(c)(1)(C) plea agreements are eligible for § 3582(c)(2) relief. Accordingly, we reverse.

A district court has very limited authority to reduce a term of imprisonment after it has been imposed. 18 U.S.C. § 3582(c). An often-invoked exception to the general rule is found in § 3582(c)(2), which provides in relevant part:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission's introductory guidelines limit this authority to guideline amendments it has expressly made retroactive, which include the crack cocaine amendments. See U.S.S.G. § 1B1.10(a)(2), (c). We review *de novo* the district court's determination that Logan was not eligible for a reduction under 18 U.S.C. § 3582(c)(2). United States v. Browne, 698 F.3d 1042, 1045 (8th Cir. 2012).

## I.

In March 1996, Logan pleaded guilty to conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The plea agreement included sentencing stipulations but recited that the sentence to be

imposed was "within the Court's discretion." The agreement further provided that Logan would "fully cooperate" and explained the government's discretion to file a substantial assistance motion either at the time of sentencing or thereafter.

A presentence investigation report ("PSR") was then prepared. The PSR recommended findings that would result in an advisory guidelines range of 151 to 188 months in prison. It also reported a previously unknown prior felony drug conviction that exposed Logan to a mandatory minimum twenty-year sentence. See 21 U.S.C. § 841(b)(1)(A). Paragraph 7 of the plea agreement provided that "the government may withdraw from the plea agreement" if Logan "is found to have a prior felony drug conviction." Instead, in early August 2006, the parties entered into a Sentencing Agreement and Stipulation pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("the (C) Agreement"). In the (C) Agreement, the parties agreed to "the sentencing guideline computation" in the PSR, including the advisory guidelines range of 151 to 188 months, in consideration for the government not exercising its right to withdraw from the prior plea agreement and an understanding that "any and all" substantial assistance provided by Logan "ha[d] been considered and included within the agreed-upon sentencing range of 151-188 months." At the August 18 sentencing, the district court approved the (C) Agreement and sentenced Logan to 156 months in prison.

In June 2008, following the initial retroactive crack cocaine amendment, the district court reviewed Logan's sentence and denied § 3582(c)(2) relief because she was sentenced "consistent with a binding" (C) Agreement. At the time, this ruling was consistent with decisions of many of our sister circuits. See United States v. Scurlark, 560 F.3d 839, 841 n.2 (8th Cir.), cert. denied, 130 S. Ct. 738 (2009).

In July 2008, the government filed a Rule 35(b) motion to reduce Logan's sentence for substantial assistance she provided after sentencing. The government recommended a twenty percent reduction. The district court granted the motion and

reduced Logan's sentence to 120 months, the mandatory minimum applicable to the drug quantity to which the parties stipulated in the (C) Agreement. In September 2011, Logan moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the 2011 retroactive crack cocaine amendment. See U.S.S.G. App. C, Amend. 750. The district court denied the motion, concluding that Logan was ineligible for a reduction because her sentence had been previously reduced to the statutory minimum. Logan appeals that order. The government primarily argues that the (C) Agreement makes Logan ineligible for relief under § 3582(c)(2) as construed in Freeman. We disagree.

Unlike most plea agreements, which leave the sentence to be imposed to the discretion of the district court at sentencing, an agreement under Rule 11(c)(1)(C) "binds the court once the court accepts the plea agreement." This raises the question whether a sentence imposed by the court after accepting a Rule 11(c)(1)(C) agreement was "based on a sentencing range that has subsequently been lowered" within the meaning of § 3582(c)(2). In Freeman, a sharply divided Court resolved a conflict in the circuits on this question. There was no majority opinion in Freeman. Four Justices broadly concluded that defendants sentenced in accordance with Rule 11(c)(1)(C) agreements are eligible for discretionary § 3582(c)(2) relief because the guidelines mandate that acceptance of a (C) agreement "is itself based on the Guidelines." 131 S. Ct. at 2692 (opinion of Kennedy, J.); see U.S.S.G. § 6B1.2. Four dissenting Justices would have categorically precluded § 3582(c)(2) relief because a sentence entered in accordance with a Rule 11(c)(1)(C) agreement is "based on" the agreement, not a guidelines range. 131 S. Ct. at 2700 (Roberts, C.J., dissenting). Justice Sotomayor, the fifth vote to reverse, adopted a narrower middle ground. 131 S. Ct. at 2695 (Sotomayor, J., concurring). We concluded in Browne, as have most other circuits, that Justice Sotomayor's concurring opinion "is controlling and represents the holding of the Court" in Freeman. 698 F.3d at 1045.

Justice Sotomayor agreed with the dissenting Justices that a sentence imposed in accord with a Rule 11(c)(1)(C) agreement is "based on" the agreement, not on the district court's consideration of the guidelines in deciding whether to accept the plea. Freeman, 131 S. Ct. at 2695. Therefore, "the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon." Id. at 2697. However, Justice Sotomayor reasoned, "if a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." Id. at 2695.

Noting that Rule 11(c)(1)(C) expressly authorizes the parties to "agree that a specific sentence or sentencing range is the appropriate disposition of the case," Justice Sotomayor described two types of agreement provisions that result in a sentence "based on a sentencing range" within the meaning of § 3582(c)(2). Id. at 2697. First:

> In delineating the agreed-upon term of imprisonment, some (C) agreements may call for the defendant to be sentenced within a particular Guidelines sentencing range. In such cases, the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is "based on" the agreed-upon sentencing range within the meaning of § 3582(c)(2).

Id. Even Chief Justice Roberts in dissent, while advocating a categorical rule precluding reduction of any sentence based on a Rule 11(c)(1)(C) agreement, described this first "departure" from that rule as "innocent[] enough." Id. at 2701. Second, Justice Sotomayor explained:

a plea agreement might provide for a specific term of imprisonment . . . but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is evident from the agreement itself . . . the term of imprisonment imposed by the court . . . is "based on" that range.

Id. at 2697-98. It is this category of agreements that was the focus of the Chief Justice's dissent. See id. at 2703 ("The reality is that whenever the parties choose a fixed term, there is no way of knowing what that sentence was 'based on.'") In Freeman, Justice Sotomayor concluded that the (C) agreement fell within this more open-ended second category and therefore Freeman was eligible for § 3582(c)(2) relief. Id. at 2700. Our post-Freeman decisions affirming denials of § 3582(c)(2) relief have similarly addressed whether the Rule 11(c)(1)(C) agreements at issue fell within this second category of (C) agreement provisions. See Browne, 698 F.3d at 1046; United States v. Hoskins, 489 Fed. App'x 990 (8th Cir. 2012), cert. denied, No. 12-8271, 81 U.S.L.W. 3454 (U.S. Feb. 19, 2013).

By contrast, the Rule 11(c)(1)(C) agreement in this case falls squarely within Justice Sotomayor's first category. The parties' (C) Agreement explicitly adopted the recommended guidelines determinations in the PSR and then expressly agreed on a guidelines sentencing *range* -- 151 to 188 months -- not on a specific sentence. Under this Agreement, the district court retained at sentencing discretion to impose a sentence anywhere in the agreed range, discretion that necessarily had to be exercised consistent with the advisory guidelines and the sentencing factors in 18 U.S.C. § 3553(a). As Justice Sotomayor declared, "there can be no doubt" that the resulting sentence was "'based on' the agreed-upon sentencing range." 131 S. Ct. at 2697. Therefore, under the controlling decision in Freeman, Logan's sentence was "based on" a sentencing range of 151 to 188 months in prison.

Alternatively, the government argues that Logan's original sentence could only be "based on" the applicable 20-year statutory minimum sentence. This contention is likewise foreclosed by Justice Sotomayor's opinion in Freeman: "it is the parties' agreement that controls in the (C) agreement context . . . even if the District Court [would have] calculated the range differently than the parties." 131 S. Ct. at 2699 n.8. Here, the (C) Agreement established a 151-to-188-month range. Moreover, the government did not file the information required by 21 U.S.C. § 851(a)(1) to make the 20-year minimum applicable, and the district court made no statutory minimum determination at sentencing.

## II.

The district court denied Logan's motion for § 3582(c)(2) relief on a different ground, concluding that she was "not eligible for the retroactive sentence adjustment as [she] was previously sentenced to the mandatory minimum term of imprisonment." We disagree. It is true that a § 3582(c)(2) reduction is not authorized by a retroactive guidelines amendment that "does not have the effect of lowering the defendant's applicable guideline range because of the operation of" a statutory minimum sentence. U.S.S.G. § 1B1.10, comment. (n.1(A)). At sentencing, when the statutory minimum is greater than the otherwise applicable range, the statutory minimum "shall be the guideline sentence," U.S.S.G. § 5G1.1(b); therefore, the defendant is not later eligible for § 3582(c)(2) relief if the displaced range is retroactively lowered because the *applicable* statutory minimum did not change. See United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009).

But this case presents a different issue. Logan was originally sentenced based on a range of 151 to 188 months in prison, well above the 120-month statutory minimum applicable to the drug quantity stipulated in the (C) Agreement. Some two years later, the government filed a Rule 35(b) substantial assistance motion. The district court granted the motion and reduced Logan's sentence to the statutory

minimum, 120 months. The parties agree that the 2011 retroactive crack cocaine amendment lowered the range in the (C) Agreement to 92 to 115 months. This brings into play the guidelines provision that a § 3582(c)(2) reduction may not be to a term below the minimum of the amended guideline range -- here, 120 months by reason of the statutory minimum -- <u>unless</u> the sentence being reduced was below the then-applicable range pursuant to a substantial assistance motion, in which case "a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(A) & (B).

In this case, the government's prior Rule 35(b) motion, like a substantial assistance motion at sentencing under 18 U.S.C. § 3553(e), permitted the court to "reduce the sentence to a level below the minimum sentence established by statute." Rule 35(b)(4); <u>see</u> <u>United States v. Grant</u>, 636 F.3d 803, 807, 812-13 (6th Cir.) (en banc), <u>cert. denied</u>, 132 S. Ct. 371 (2011). Therefore, although the district court limited its prior reduction to the statutory minimum, it was not required to do so and now has the *discretion* to grant a § 3582(c)(2) reduction comparable to that originally provided under Rule 35(b), even though such a reduction would bring Logan's sentence below the applicable statutory minimum. <u>Accord</u> <u>United States v. Cooper</u>, 353 Fed. App'x 70, 71-72 (8th Cir. 2009) (unpublished).

For these reasons, we conclude that Elnora Logan is eligible for an exercise of the district court's substantial discretion under 18 U.S.C. § 3582(c)(2). Accordingly, we reverse the district court's Order dated November 14, 2011, and remand for further proceedings not inconsistent with this opinion. We deny as moot the pending Joint Motion To Remand.

COLLOTON, Circuit Judge, dissenting.

The question presented in this appeal is whether Elnora Logan was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been

lowered by the Sentencing Commission," within the meaning of 18 U.S.C. § 3582(c)(2). Logan was sentenced pursuant to a Sentencing Agreement and Stipulation that the parties entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In light of *Freeman v. United States*, 131 S. Ct. 2685 (2011), I conclude that Logan's sentence was not "based on" a Guidelines sentencing range, and that the district court's order of November 14, 2011, should be affirmed.

The controlling opinion in *Freeman* concluded that a term of imprisonment is "based on" a Guidelines sentencing range where a plea agreement authorized by Rule 11(c)(1)(C) "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." 131 S. Ct. at 2695 (Sotomayor, J., concurring). Not every plea agreement that specifies a particular sentencing range qualifies. The agreement must "*employ[] the particular Guidelines sentencing range applicable to the charged offenses* in establishing the term of imprisonment." *Id*. at 2698 (emphasis added). If the parties arrive at an agreed-upon sentencing range by considering factors other than the Guidelines range applicable to the defendant's charged offense, then the term of imprisonment is not "based on" a Guidelines sentencing range that has been subsequently lowered.

This court's decision in *United States v. Scurlark*, 560 F.3d 839 (8th Cir. 2009), illustrates the point. There, the parties, pursuant to Rule 11(c)(1)(C), agreed to "a binding sentencing range of 151 to 188 months' imprisonment, agreeing that Scurlark's offense level was 33 and that he had a Category II criminal history." *Id*. at 840. Nonetheless, this court held that Scurlark's sentence was not "based on" a Guidelines sentencing range, because "[e]ach party offered concessions to reach the agreement," and the circumstances thus demonstrated "the contractual nature of the agreement." *Id*. at 842. Justice Sotomayor specifically cited *Scurlark* as a decision that took an approach "consistent with" her controlling opinion in *Freeman*. 131 S. Ct. at 2698 n.3, 2700 n.9 (Sotomayor, J., concurring).

The Rule 11(c)(1)(C) sentencing agreement in this case demonstrates that the parties did not merely employ the Guidelines range applicable to the charged offense to arrive at an agreed-upon sentencing range, but rather reached an agreement of a "contractual nature" that reflected the influence of other factors. The parties initially signed a plea agreement that did not include a binding stipulation about sentencing. This agreement noted that Logan had represented to the government that she had no prior felony drug conviction. When the government later discovered that Logan had been convicted of a felony drug offense, the government had the option to withdraw from the plea agreement and to enhance Logan's sentence to a mandatory minimum term of 240 months' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A) and 851. Instead, the parties entered into a new Sentencing Agreement and Stipulation under Rule 11(c)(1)(C). This agreement provided that "[r]ather than withdraw from the plea agreement in order to enhance the Defendant's sentence to 20 years and in order to address substantial assistance . . ., the parties have reached this agreement to a stipulated sentence within the guidelines range of **151-188 months**."

The sentencing agreement served the interests of both parties. Instead of subjecting Logan to the 240-month mandatory minimum sentence by filing a notice of her prior conviction under § 851, and then moving to reduce her sentence for the provision of substantial assistance pursuant to 18 U.S.C. § 3553(e), the government eliminated those intermediate steps by agreeing directly to a sentencing range of 151-188 months. The government thus awarded Logan a benefit for her assistance but eliminated the possibility that an unconstrained sentencing court might reduce Logan's sentence below 151 months based on § 3553(e). For her part, Logan avoided triggering the mandatory minimum sentence and averted the risk that she could be sentenced to more than 188 months' imprisonment, if the sentencing court granted only a small reduction for substantial assistance. The result was a sentence that was "based on" the sentencing agreement, but not based on a Guidelines sentencing range that was subsequently lowered.

-10-

For these reasons, I would affirm the district court's order that Logan is ineligible for a reduction in sentence pursuant to § 3582(c).  Even under the majority's contrary view, however, the district court could decline to reduce Logan's term of imprisonment if the government argues "that it made significant concessions in the agreement . . . and therefore it would not have agreed to a lower sentence at the time the agreement was made."  131 S. Ct. at 2699 n.6 (Sotomayor, J., concurring).

_____