COLLOTON, Circuit Judge,
dissenting.
The question presented in this appeal is whether Elnora Logan was “sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,” within the meaning of 18 U.S.C. § 3582(c)(2). Logan was sentenced pursuant to a Sentencing Agreement and Stipulation that the parties entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In light of Freeman v. United States, — U.S.-, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), I conclude that Logan’s sentence was not “based on” a Guidelines sentencing range, and that the district court’s order of November 14, 2011, should be affirmed.
The controlling opinion in Freeman concluded that a term of imprisonment is “based on” a Guidelines sentencing range where a plea agreement authorized by Rule 11(c)(1)(C) “expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment.” 131 S.Ct. at 2695 (Sotomayor, J., concurring). Not every plea agreement that specifies a particular sentencing range qualifies. The agreement must “employ[] the particular Guidelines sentencing range applicable to the charged offenses in establishing the term of imprisonment.” Id. at 2698 (emphasis added). If the parties arrive at an agreed-upon sentencing range by considering factors other than the Guidelines range applicable to the defendant’s charged offense, then the term of imprisonment is not “based on” a Guidelines sentencing range that has been subsequently lowered.
This court’s decision in United States v. Scurlark, 560 F.3d 839 (8th Cir.2009), illustrates the point. There, the parties, pursuant to Rule 11(c)(1)(C), agreed to “a binding sentencing range of 151 to 188 months’ imprisonment, agreeing that Scur-lark’s offense level was 33 and that he had a Category II criminal history.” Id. at 840. Nonetheless, this court held that Scurlark’s sentence was not “based on” a Guidelines sentencing range, because “[e]ach party offered concessions to reach the agreement,” and the circumstances thus demonstrated “the contractual nature of the agreement.” Id. at 842. Justice Sotomayor specifically cited Scurlark as a decision that took an approach “consistent with” her controlling opinion in Freeman, 131 S.Ct. at 2698 n. 3, 2700 n. 9 (Sotomayor, J., concurring).
The Rule 11(c)(1)(C) sentencing agreement in this case demonstrates that the parties did not merely employ the Guidelines range applicable to the charged offense to arrive at an agreed-upon sentencing range, but rather reached an agreement of a “contractual nature” that reflected the influence of other factors. The parties initially signed a plea agreement that did not include a binding stipulation about sentencing. This agreement noted that Logan had represented to the government that she had no prior felony drug conviction. When the government later discovered that Logan had been convicted of a felony drug offense, the government had the option to withdraw from the plea agreement and to enhance Logan’s sentence to a mandatory minimum term of 240 months’ imprisonment. See 21 U.S.C. §§ 841(b)(1)(A) and 851. Instead, the parties entered into a new Sentencing Agreement and Stipulation under Rule 11(c)(1)(C). This agreement *862 provided that “[rjather than withdraw from the plea agreement in order to enhance the Defendant’s sentence to 20 years and in order to address substantial assistance ..., the parties have reached this agreement to a stipulated sentence within the guidelines range of 151-188 months.”
The sentencing agreement served the interests of both parties. Instead of subjecting Logan to the 240-month mandatory minimum sentence by filing a notice of her prior conviction under § 851, and then moving to reduce her sentence for the provision of substantial assistance pursuant to 18 U.S.C. § 3558(e), the government eliminated those intermediate steps by agreeing directly to a sentencing range of 151-188 months. The government thus awarded Logan a benefit for her assistance but eliminated the possibility that an unconstrained sentencing court might reduce Logan’s sentence below 151 months based on § 3553(e). For her part, Logan avoided triggering the mandatory minimum sentence and averted the risk that she could be sentenced to more than 188 months’ imprisonment, if the sentencing court granted only a small reduction for substantial assistance. The result was a sentence that was “based on” the sentencing agreement, but not based on a Guidelines sentencing range that was subsequently lowered.
For these reasons, I would affirm the district court’s order that Logan is ineligible for a reduction in sentence pursuant to § 3582(c). Even under the majority’s contrary view, however, the district court could decline to reduce Logan’s term of imprisonment if the government argues “that it made significant concessions in the agreement ... and therefore it would not have agreed to a lower sentence at the time the agreement was made.” 131 S.Ct. at 2699 n. 6 (Sotomayor, J., concurring).