# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3715

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Plaintiff - Appellee, | * | District Court for the |
| | * | Northern District of Iowa. |
| v. | * | |
| | * | |
| Scott Christopher Cook, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 19, 2006
Filed: May 22, 2006

_____

Before LOKEN, Chief Judge, BOWMAN and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Scott Christopher Cook pleaded guilty in federal court to one count of conspiring to distribute methamphetamine. The district court[1] sentenced him to a mandatory minimum twenty year sentence due to a prior state felony conviction. We affirm.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

I

Cook was involved in a methamphetamine trafficking conspiracy spanning 1997 to 2004. In June 2003, he pleaded guilty in Iowa state court to a felony charge of possession of a methamphetamine mixture with intent to deliver. In the instant federal case, Cook was charged with one count of conspiring to sell drugs in violation of 21 U.S.C. §§ 841(a), 841(b), 848, 859(a), and 860(a). Pursuant to a plea agreement, he pleaded guilty to the conspiracy charge with a stipulated drug quantity of 150 grams or more of actual methamphetamine. Because of the state conviction, Cook was sentenced to a twenty-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). On appeal, Cook argues it was plain error to use the 2003 Iowa offense to enhance his sentence under § 841.

II

Cook failed to raise an objection to the § 841(b)(1)(A) enhancement in the court below. He suggests we review for plain error. The government, however, contends Cook waived any challenges the district court's application of the prior conviction by pleading guilty.

Cook's plea agreement notes he was convicted of a prior state crime and it would be used to sentence him to a mandatory minimum of twenty years. Nonetheless, Cook asserts he merely overlooked any issues regarding the application of the state conviction and did not waive them. See United States v. Barnett, 410 F.3d 1048, 1050 (8th Cir. 2005) (noting waiver requires intentional relinquishment or abandonment).

Cook's argument, however, is unavailing. As we held in <u>United States v. Nguyen</u>, 46 F.3d 781, 783 (8th Cir. 1995), a defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal. <u>See also</u> <u>United States v. Durham</u>, 963 F.2d 185, 187 (8th Cir. 1992) ("[Defendant] waived any objection to the twenty-five-year sentence by agreeing that it was the minimum sentence mandated by the statutes, and by accepting the benefit of the plea agreement.").

Here, the government filed its notice to seek an enhanced penalty based on the prior state felony conviction. Cook did not object. He stipulated to the facts underlying the conviction and to the conviction itself. He signed a plea agreement stating the mandatory minimum sentence was twenty years because of the prior conviction. At the time of the plea, Cook did not object to the prior crime but stated he understood the plea agreement and was entering his plea freely and voluntarily with the knowledge his mandatory minimum sentence would be twenty years. Cook accepted the benefit of the plea agreement, explicitly and voluntarily exposing himself to a specific sentence. Thus, Cook waived the right to contest his sentence on the basis of the § 841(b)(1)(A) enhancement.

Therefore, we affirm.

_____