# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1303

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Larry Raymond Kling, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 14, 2007
Filed: February 14, 2008

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Larry Raymond Kling pleaded guilty to one count of child exploitation, in violation of 18 U.S.C. § 2251(a). Prior to pleading guilty, Kling entered into a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In his plea agreement, Kling agreed to a sentencing range of 324 to 360 months' imprisonment. The district court[1] accepted the plea agreement and sentenced Kling to 324 months' imprisonment. Kling appeals, arguing that a sentence imposed

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

pursuant to a Rule 11(c)(1)(C) plea agreement is illegal and that his sentence is a violation of the Eighth Amendment. We affirm.

## I. *Background*

In January 2006, a police search of Kling's residence uncovered videotapes and photographs of Kling engaging in sexual acts with a 15-year-old girl. The tapes and photos reflected at least four different encounters between Kling and the girl.

Kling was charged with five counts of child exploitation and five counts of possession of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B) respectively. The court allowed Kling to remain free on pretrial release but ordered him to refrain from contacting the minor or any other child under the age of 18. Kling violated the conditions of his release by attempting to contact the minor, and the court revoked his pre-trial release status.

Without a plea agreement, Kling potentially faced a sentence of life imprisonment. Under his plea agreement, Kling agreed to plead guilty to one charge of child exploitation in exchange for a stipulated sentencing range of 324 to 360 months' imprisonment. The agreement was conditioned on Kling not requesting a downward departure or variance. The agreement, if accepted by the court, would bind the parties and the district court under Federal Rule of Criminal Procedure 11(c)(1)(C). Kling entered the agreement with the government, after consulting with his attorneys, believing that the agreement allowed him to avoid a life sentence.

The district court noted the severity of the sentence recommended by the agreement and expressed an opinion that "this is the most unjust sentence that I have ever imposed." Kling told the court that he felt the sentencing range in the plea agreement amounted to cruel and unusual punishment. The court explained that Kling was being sentenced pursuant to a plea agreement and that if accepted, the agreement would be binding on the court as well as the parties. The court then gave Kling an

opportunity to withdraw from the agreement. Despite the concerns expressed by the court, Kling reaffirmed the plea agreement and consented to the proposed sentencing range. Reservations notwithstanding, the district court accepted the agreement and imposed a sentence of 324 months' imprisonment, a sentence at the low end of the agreed range.

On appeal, Kling contends his within-Guidelines-range sentence imposed pursuant to Rule 11(c)(1)(C) is illegal and violates his Eighth Amendment right against cruel and unusual punishment.

## II. *Discussion*
### A. *Constitutionality of the Plea Agreement*

Kling challenges the constitutionality of Rule 11(c)(1)(C) plea agreements. He argues that because these agreements are binding on the court as well as the parties, the agreements unconstitutionally restrict the discretion of the district court in contravention of *United States v. Booker*, 543 U.S. 220 (2005). We disagree.

*Booker* does not invalidate Rule 11(c)(1)(C) plea agreements. A plea agreement under Rule 11(c)(1)(C), like all plea agreements, is binding on both the government and the defendant, but Rule 11(c)(1)(C) plea agreements are unique in that they are also binding on the court *after* the court accepts the agreement. If the court does not accept the agreement, the court is not bound to sentence the defendant by its terms.

Kling reads *Booker* incorrectly. Kling correctly notes that *Booker* treated the Sentencing Guidelines' Sixth Amendment infirmity by making them advisory rather than mandatory. *Booker*, however, did not address the sentencing discretion of the district court in accepting Rule 11(c)(1)(C) agreements. Courts are not obligated to accept plea agreements and have discretion to reject those which are deemed involuntary or unfair. *See* Fed. R. Crim. P. 11(b)(2) ("Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and

determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)"); *see also Government of the Virgin Islands v. Walker*, 261 F.3d 370, 375 (3rd Cir. 2001) (stating that "[a] sentencing court can, of course, reject the results of a plea negotiation if it concludes that the resulting agreement is not in the best interest of justice"). District courts had this power pre-*Booker* and still do. We hold that Rule 11(c)(1)(C) plea agreements remain permissible post-*Booker*.

### B. *Kling's Eighth Amendment Claim*

Kling also argues that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment. Kling contends that his 324-month sentence is cruel and unusual because the district court considered the sentence unjust and was bound by Rule 11(c) to impose the agreed upon sentence. We do not reach the merits of Kling's Eighth Amendment claim because it is waived. *United States v. Cook*, 447 F.3d 1127, 1128 (8th Cir. 2006) ("[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal"). A defendant who is sentenced within the range agreed upon in the plea agreement is merely receiving what he bargained for in the agreement. *United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995). In his plea agreement, Kling expressly accepted a sentencing range of 324 to 360 months, and he was sentenced to 324 months' imprisonment.

Kling attempts to avoid *Cook* by arguing that he did not voluntarily enter into the plea agreement; however, this argument fails. Kling contends that he had no choice but to enter into the agreement because his only alternative was to go to trial and face a possible life sentence. He argues that an agreement under these conditions cannot be said to be voluntary. We reject Kling's definition of voluntariness. *See United States v. Swick*, 262 F.3d 684, 686 (8th Cir. 2001) (rejecting a defendant's argument that "because he was under pressure to accept the plea agreement or be forced to go to trial and face severe consequences, his plea was involuntary").

Defendants frequently enter plea agreements to avoid the possibility of a longer sentence post trial. The record does not show Kling was laboring under any infirmity nor coerced into entering the agreement. He entered into the agreement after consulting with counsel, considering his alternatives, and could have withdrawn the plea after the district court expressed its concerns. Under these circumstances, we consider Kling's Eighth Amendment claim waived.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____