# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3848

_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Saquil-Orozco, also known as Miguel A. Fernandez-Jasso

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: May 30, 2013
Filed: June 5, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Daniel Saquil-Orozco pleaded guilty to firearm and immigration offenses under a written plea agreement, and the District Court[1] imposed concurrent sentences of 100

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

months in prison followed by one year of supervised release. On appeal, Saquil-Orozco's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court abused its discretion in denying Saquil-Orozco's pro se motion for a new attorney. In a supplemental brief, Saquil-Orozco argues that (1) counsel was ineffective, (2) the court erred in denying his motion for new counsel, (3) his guilty plea was coerced, (4) his sentence was enhanced based on false statements or evidence, (5) the court erred in sentencing him above the Guidelines range, (6) the charges against him are false, and (7) the instant convictions were or are prejudicing his pending immigration proceedings. For the reasons discussed below, we reject these arguments.

First, we conclude that the District Court did not abuse its discretion in denying the motion for new counsel. See United States v. Taylor, 652 F.3d 905, 908 (8th Cir. 2011) (stating that frustration with counsel's performance and disagreement over tactics do not amount to the justifiable dissatisfaction necessary for appointment of new counsel). Second, we will not consider either the ineffective-assistance claim or the coerced-guilty-plea claim in this direct appeal. See United States v. Looking Cloud, 419 F.3d 781, 788–89 (8th Cir. 2005) (explaining why ineffective-assistance claims are better raised in habeas proceedings); United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990) (noting that a claim that a guilty plea was involuntary is not cognizable on direct appeal unless it was first presented to the district court).

Third, the sentencing challenges are unavailing because Saquil-Orozco was sentenced within the range to which he agreed in his plea agreement. See United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008) ("A defendant who is sentenced within the range agreed upon in the plea agreement is merely receiving what he bargained for in the agreement."); United States v. Cook, 447 F.3d 1127, 1128 (8th Cir. 2006) ("[A] defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."). Fourth, Saquil-Orozco's guilty plea also forecloses his argument that the charges are false. See

Tucker v. United States, 470 F.2d 220, 222 (8th Cir. 1972) (per curiam) (concluding that a defendant's knowing and voluntary guilty plea was conclusive on the issue of guilt). Finally, his argument about prejudice in immigration court is without merit in these proceedings.

We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____