# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2078
_____

United States of America

*Plaintiff - Appellee*

v.

Theodore Markley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: October 24, 2013
Filed: October 31, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Theodore Markley appeals from the sentence imposed by the District Court[1] after Markley pleaded guilty to receiving child pornography in violation of 18 U.S.C.

_____

[1]The Honorable D. Price Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

§ 2252(a)(1). Markley and the government entered into a plea agreement under Rule 11(c)(1)(A) and (C) of the Federal Rule of Criminal Procedure, but the District Court rejected the parties' agreement and gave Markley the opportunity to withdraw his plea, which Markley declined. The Court then sentenced Markley to 204 months in prison and a lifetime of supervised release. Markley's counsel now moves to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging (1) the Court's decision to reject the plea agreement, (2) the government's adherence to the plea agreement, and (3) Markley's sentence.

Counsel's arguments are unavailing. The Court did not err in declining to accept the plea agreement, nothing in the record indicates that the government breached the agreement, and Markley's sentence was not unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing the standard of review for sentences); United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008) (noting that courts are not obligated to accept plea agreements); United States v. E.V., 500 F.3d 747, 751–52 (8th Cir. 2007) (examining specific wording of plea agreement and surrounding circumstances to determine whether agreement was breached).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____