# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2085

_____

United States of America

*Plaintiff - Appellee*

v.

Heather Jean Reekers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: October 9, 2014
Filed: October 22, 2014
[Unpublished]

_____

Before LOKEN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Heather Reekers appeals the 60-month prison sentence imposed after she pleaded guilty to a drug-conspiracy charge in a plea agreement with the government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. After a change-of-plea hearing, Magistrate Judge Celeste F. Bremer recommended that the plea agreement be accepted by the district court. At the start of the sentencing

hearing, District Judge Robert W. Pratt stated: "the agreed-upon sentence seems to me way too much. What am I missing?" The prosecutor and defense counsel then provided substantial background information that was not part of the Presentence Investigation Report. After considering this information and giving Ms. Reekers an opportunity to comment on counsel's explanation, the court accepted the Rule 11(c)(1)(C) agreement as being in conformance with the acceptance standards in U.S.S.G. § 6B1.2 and the sentencing factors in 18 U.S.C. § 3553(a) and imposed the agreed 60-month sentence.

On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Reekers's sentence is substantively unreasonable, and has moved for leave to withdraw. Upon careful review, we conclude that counsel's argument is without merit. Ms. Reekers agreed to a specific sentence in a Rule 11(c)(1)(C) plea agreement. Once the district court accepted that agreement, it became binding on both the government and Ms. Reekers, like all plea agreements, and also on the district court. See United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008).

Having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment.

_____