# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 15-3297

———————————————

United States of America

*Plaintiff - Appellee*

v.

Richard Tommy Williams, also known as Richard T. Williams

*Defendant - Appellant*

———————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

———————

Submitted: May 2, 2016
Filed: May 13, 2016
[Unpublished]

———————

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Richard Williams appeals after the district court[1] sentenced him to 77 months in prison and two years of supervised release upon his guilty plea to a felon-in-

———————————————

[1] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

possession charge. Williams's counsel has moved to withdraw, and argues in a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), that the district court plainly erred in accepting the plea agreement, because the decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), affected Williams's advisory Guidelines range. In pro se supplemental filings, Williams also relies upon <u>Johnson</u> to challenge his sentence.

These arguments fail, because the sentence was imposed pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, under which Williams and the government specifically agreed to a sentence of 77 months. In fact, at the time the district court accepted the plea agreement, the parties and the court had discussed <u>Johnson</u> at some length, and the parties still wished to proceed with the Rule 11(c)(1)(C) agreement. <u>See</u> <u>United States v. Kling</u>, 516 F.3d 702, 704-05 (8th Cir. 2008) (defendant waived Eighth Amendment challenge to sentence imposed under Rule 11(c)(1)(C) agreement, which upon acceptance became binding on government, defendant, and district court).

Having independently reviewed the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____