HOLMES, J., concurring.
I join in full the principal opinion but write separately to underscore the legal and ethical impropriety of the form of plea bargaining that the district court perceived (correctly or not) to be at work in this case.
As I understand the principal opinion, it resolves the case in part by assuming that the district court clearly erred in finding that the parties-in order to arrive at what they viewed as a fair sentence-intentionally concealed from the court, as part of their plea bargain, a quantity of drugs that reasonably could be deemed to qualify as relevant conduct. See Op. at 1109 ("Even were we to agree that the judge clearly erred in his understanding of the parties' actions ...."). After granting Mr. Aragon that assumption, the principal opinion concludes that his allegations that the district court abused its discretion in gathering evidence are nevertheless without merit. Id.
I am content with that assumption and will not opine here on whether the parties in fact struck a plea bargain that involved intentionally concealing evidence. But I write to emphatically underscore that any such agreement would be improper; such an agreement would undercut the district court's ability to perform its role in the sentencing framework contemplated by the United States Sentencing Commission Guidelines (hereinafter "Guidelines" or "U.S.S.G.") and would also violate counsel's ethical duty of candor to the tribunal.
More specifically, it is the district court's role to properly calculate a Guidelines range, with the ultimate goal of crafting a fair sentence. See, e.g. , Gall v. United States , 552 U.S. 38, 49, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."); United States v. DeWitt , 366 F.3d 667, 671 (8th Cir. 2004) ("[T]he sentencing guidelines require the district court independently to evaluate the evidence when imposing a sentence."). It is thus not for the parties to determine what Guidelines range should govern a case and what sentence is fair.
To be sure, with respect to the category of plea agreement at issue here, parties may enter into stipulations reflecting their understanding of certain factual matters or the applicability (or lack thereof) of certain Guidelines criteria. See FED. R. CRIM. P. 11(c)(1)(B). Significantly, however, those stipulations are not binding on the sentencing court. U.S.S.G. § 6B1.4(d), p.s. (2016)[1] ("The court is not bound by [a] stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing.").[2]
*1115 More broadly, parties may freely offer their views on a just and fair sentence and advocate for that view. See, e.g. , Gall , 552 U.S. at 49-50, 128 S.Ct. 586 (instructing that district courts should "giv[e] both parties an opportunity to argue for whatever sentence they deem appropriate"). In particular, as relevant here, the government, the defense, or both, may argue in a given case that certain evidence that might reasonably appear to qualify as relevant conduct does not so qualify upon closer analysis. See, e.g. , United States v. Franco-Lopez , 312 F.3d 984, 993 (9th Cir. 2002) (noting that the government "provid[ed] information to the Probation Department regarding" a defendant's arguably relevant conduct "while recommending successfully to the district court that it not rely on that information in sentencing"); see also U.S.S.G. § 6B1.4, p.s., cmt. ("[T]he parties should fully disclose the actual facts and then explain to the court the reasons why the disposition of the case should differ from that which such facts ordinarily would require under the guidelines.").
But none of this alters the bottom line: it is the district court's job (in the first instance)-not the parties'-to determine the proper Guidelines range for a particular defendant and to relatedly determine what sentence is fair. See U.S.S.G. § 6B introductory cmt. ("These policy statements [concerning plea agreements] make clear that sentencing is a judicial function and that the appropriate sentence in a guilty plea case is to be determined by the judge."); see also 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); Wasman v. United States , 468 U.S. 559, 563, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984) ("The sentencing court ... must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant ....").
And relevant conduct is a critical, foundational component of the computation of a proper Guidelines range-and, consequently, of a fair sentence. See, e.g. , Molina-Martinez v. United States , 578 U.S. ----, 136 S.Ct. 1338, 1345, 194 L.Ed.2d 444 (2016) ("The Court has made clear that the Guidelines are to be the sentencing court's 'starting point and ... initial benchmark.' " (omission in original) (quoting Gall , 552 U.S. at 49, 128 S.Ct. 586 )); Witte v. United States , 515 U.S. 389, 393, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) ("Under the Sentencing Guidelines, the sentencing range for a particular offense is determined on the basis of all 'relevant conduct' in which the defendant was engaged and not just with regard to the conduct underlying the offense of conviction." (quoting U.S.S.G. § 1B1.3 )); see also United States v. Gill , 348 F.3d 147, 149 (6th Cir. 2003) ("A key ingredient of the sentencing formula in drug cases is the quantity of a controlled substance for which a convicted defendant will be held accountable. A defendant is responsible for all drug quantities that are included within the scope of his 'relevant conduct,' as that term is defined by the United States Sentencing Guidelines Manual."). Thus, it ineluctably follows that a sentencing court cannot perform its job of computing a proper Guidelines range and determining *1116 a fair sentence without an accurate picture of relevant conduct. See United States v. Siegelman , 786 F.3d 1322, 1332 (11th Cir. 2015) (Ebel, J., sitting by designation) ("[A] district court's sentencing range is not accurate unless its relevant-conduct findings are also accurate.").
Parties therefore improperly undercut the sentencing court's role under the Guidelines when, in order to artificially produce a desired Guidelines range and reach a sentence they perceive to be fair, they agree to intentionally withhold from the court's consideration evidence that reasonably could be deemed to qualify as relevant conduct. See United States v. Johnson , 973 F.2d 857, 860 (10th Cir. 1992) ("[A]n agreement to keep the judge ignorant of pertinent information cannot be enforceable, because a sentencing court 'must be permitted to consider any and all information that might reasonably bear on the proper sentence for the particular defendant, given the crime committed.' " (quoting United States v. Jimenez , 928 F.2d 356, 363 (10th Cir. 1991) )); U.S.S.G. § 6B1.4, p.s., cmt. ("[I]t is not appropriate for the parties to stipulate to misleading or non-existent facts, even when both parties are willing to assume the existence of such 'facts' for purposes of the litigation."); see also United States v. Casillas , 853 F.3d 215, 218 (5th Cir.) ("[T]he Government does not have a right ... to withhold relevant factual information from the court." (quoting United States v. Block , 660 F.2d 1086, 1092 (5th Cir. 1981) )), cert. denied , --- U.S. ----, 138 S. Ct. 205, 199 L.Ed.2d 135 (2017) ; United States v. Ahn , 231 F.3d 26, 38 (D.C. Cir. 2000) ("At [the] sentencing hearing, the Government had a duty to provide relevant information about whether [the defendant] obstructed justice, even though it had agreed not to take a stand on whether he should receive a sentence enhancement."); cf. U.S. Dep't of Justice, JUSTICE MANUAL § 9-27.710 (2019) ("During the sentencing phase of a federal criminal case, the attorney for the government should assist the sentencing court by ... [a]ttempting to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the court's attention fully and accurately ...." (emphasis added)).
And, in crafting such an artificial Guidelines outcome, the parties also would be violating their ethical obligation of candor to the sentencing tribunal, which relies on the accuracy of relevant conduct in fashioning a proper Guidelines sentence. See Jimenez , 928 F.2d at 363 ("It is clear that the fact that a plea agreement has been entered into between the government and a defendant cannot alone prohibit the government from bringing relevant information to the attention of the trial judge at the time of sentencing. In fact, the prosecutor has an ethical duty to disclose such information ...." (emphasis added) (citation omitted)); see also United States v. Almonte-Nunez , 771 F.3d 84, 86 (1st Cir. 2014) ("[A]ttorneys, as officers of the court, remain bound by their ... duty to provide full and accurate information about the offense and the offender to the sentencing court."); cf. MODEL RULES OF PROF'L CONDUCT r. 3.3(a)(1) ( AM. BAR ASS'N 2015) ("A lawyer shall not knowingly ... make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer ...."); id . cmt. 3 ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation ." (emphasis added)).
In conclusion, I reiterate that I do not opine on the propriety of counsel's actions in this case. Rather, I am content to accept the principal opinion's assumption that the district court was clearly erroneous in finding that the parties, in reaching their plea bargain, intentionally concealed from the *1117 court a quantity of drugs that reasonably could be viewed as relevant conduct in order to arrive at what the parties perceived to be a fair sentence. I write simply to state without equivocation-but hypothetically-that if counsel were to participate in such a plea bargain, they would be engaging in legally and ethically improper conduct. On this basis, I respectfully concur.

The Probation Office used the 2016 edition of the Guidelines in calculating Mr. Aragon's sentence. Neither party questions this choice on appeal; therefore, I also rely on the 2016 edition where the Guidelines are relevant to my analysis herein.

Indeed, even when-unlike here-parties enter into the sort of plea agreement that ordinarily binds the court to a specific sentence or sentencing range, the court is bound only after it accepts the agreement. And, upon presentation, the court has broad discretion to reject such a plea agreement if (among other things) the court considers the agreement to be unfair. See Fed. R. Crim. P. 11(c)(1)(C), (c)(5) ; see also Fed. R. Crim. P. 11(e) advisory committee's note to 1999 amendment (noting as to (in material respects) substantively identical text of a precursor of Rule 11(c) that "the court retains absolute discretion whether to accept a plea agreement"); United States v. White , 765 F.3d 1240, 1248 (10th Cir. 2014) ("Rule 11(c)(1)(C) permits the defendant and the prosecutor to agree that a specific sentence is appropriate, but that agreement does not discharge the district court's independent obligation to exercise its discretion." (quoting Freeman v. United States , 564 U.S. 522, 529, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality opinion))); United States v. Kling , 516 F.3d 702, 704 (8th Cir. 2008) ("Courts are not obligated to accept [Rule 11(c)(1)(C) ] plea agreements and have discretion to reject those which are deemed involuntary or unfair.").