# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2906

_____

United States of America

*Plaintiff - Appellee*

v.

Tyrone Davis, also known as Tyrone D. Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 21, 2022
Filed: December 27, 2022
[Unpublished]

_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Tyrone Davis appeals after he pled guilty to a drug offense, and the district court[1] imposed a sentence consistent with his binding Federal Rule of Criminal

---

[1]The Honorable Stephen R. Clark, then United States District Judge for the Eastern District of Missouri, now Chief Judge.

Procedure 11(c)(1)(C) agreement. Counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging an appeal waiver in the plea agreement, but challenging the sentence as substantively unreasonable. Davis has filed a pro se brief challenging the voluntariness of his plea and reasonableness of his sentence; alleging irregularities in the criminal investigation and proceedings; raising ineffective-assistance-of-counsel claims; and asserting he is actually innocent of the offenses charged.

We reject Davis's claim that his plea was involuntary. The record shows that in his plea agreement and at his plea hearing, Davis agreed that the factual basis set forth in the plea agreement was true, he understood the provisions of the plea agreement, his plea was voluntary, and he was satisfied with counsel's performance; moreover, he did not move to withdraw his plea. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity); cf. United States v. Foy, 617 F.3d 1029, 1033-34 (8th Cir. 2010) (claim that defendant's plea was unknowing or involuntary is not cognizable on direct appeal where defendant failed to move in district court to withdraw his guilty plea). To the extent Davis has raised ineffective-assistance-of-counsel claims that require development of matters outside the record, this court declines to address them in this direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

As the guilty plea is valid, counsel's and Davis's sentencing challenges--and Davis's remaining challenges, to the extent he raises claims unrelated to voluntariness or ineffective assistance of counsel--are foreclosed. See States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice); cf.

United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008) (defendant who is sentenced within the range agreed upon in plea agreement is merely receiving what he bargained for, and may not challenge sentence on appeal); United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) (valid guilty plea is admission of guilt that waives all non-jurisdictional defects and defenses).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we enforce the appeal waiver as to the sentencing and other challenges, and we affirm the judgment in all other respects. Counsel's request to withdraw is granted, and Davis's motion to appoint appellate counsel is denied.

_____