# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3245
_____

United States of America

*Plaintiff - Appellee*

v.

Parrish Austin, also known as P, also known as Too Klean

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: February 9, 2026
Filed: May 11, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and STRAS, Circuit Judges.
_____

PER CURIAM.

Despite distributing cocaine and defrauding the government, Parrish Austin believes his 240-month prison sentence is unreasonably high. Reviewing for an abuse of discretion, we affirm.

After Austin pleaded guilty to two counts—one for conspiracy to distribute drugs, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and the other for wire fraud, *see* 18 U.S.C. § 1343—the district court[1] varied downward to 240 months. It thought the career-offender enhancement, *see* U.S.S.G. § 4B1.1(a), was "too blunt of an instrument" in his case.

Although the court varied downward by 52 months, it declined to go any further. The reason was Austin's criminal history, which showed that he "exploit[ed] the weaknesses of others" for his own "personal gain." *See* 18 U.S.C. § 3553(a)(1) (requiring a district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"). Add the fact that his conviction for wire fraud had no incremental effect on the advisory range, and a further reduction would have understated the "seriousness of" his actions. *Id.* § 3553(a)(2)(A); *see United States v. McKanry*, 628 F.3d 1010, 1022 (8th Cir. 2011) (explaining that "it is nearly inconceivable" that a refusal to vary downward even further was an abuse of discretion (citation omitted)).

His pro se arguments fare no better. There was no abuse of discretion in declining to let him replace counsel. *See United States v. Kelley*, 774 F.3d 434, 438 (8th Cir. 2014). Nor was his plea unknowing or involuntary, particularly once the court told him that his sentence could be longer than ten years. *See United States v. Cook*, 447 F.3d 1127, 1128 (8th Cir. 2006). And finally, we cannot overrule circuit precedent, *see United States v. Bordman*, 895 F.3d 1048, 1060 (8th Cir. 2018), or conclude on this record that the losses caused by the fraud were lower than $18,332, *see United States v. Alexander*, 679 F.3d 721, 729 (8th Cir. 2012).

We accordingly affirm the judgment of the district court.

————————————————

---

[1]The Honorable C.J. Williams, Chief Judge, United States District Court for the Northern District of Iowa.