# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1257
_____

United States of America

*Plaintiff-Appellee*

v.

Theodore T. Browne

*Defendant-Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 21, 2012
Filed: November 5, 2012

_____

Before LOKEN and MURPHY, Circuit Judges, and JACKSON,[1] District Judge.

_____

JACKSON, District Judge.

Theodore T. Browne appeals the district court's[2] denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, sitting by designation.

[2]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

# I.

In 1997, Browne pleaded guilty to a cocaine base offense. Pursuant to former Federal Rule of Criminal Procedure 11(e)(1)(C).,[3] the parties agreed that "under the circumstances of this case," a 210-month term of imprisonment was an appropriate sentence. The plea agreement also contained the following language:

> The Sentencing Guidelines do not directly apply to the sentencing in this case. Nevertheless, the parties have discussed the guidelines and how they apply to the relevant conduct of the defendant. The parties agree that certain factors will apply to the sentence and that the Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following . . .

The agreement went on to list the factors of drug quantity, role in the offense, possession of a firearm, obstruction of justice, criminal history, acceptance of responsibility, and concurrent sentencing, along with citations to provisions of the United States Sentencing Guidelines (U.S.S.G.) that pertained to the factors.

At the change of plea hearing, the following exchange took place between the court and the prosecutor:

> THE COURT: I rather imagine, we don't have to go into detail, but you are anticipating--what is it you are anticipating of the guideline range?

---

[3]At the time of Browne's plea in 1997, Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure governed plea agreements in which the parties "agree that a specific sentence is the appropriate disposition of the case." In 2002, Rule 11 was reorganized such that language similar to that contained in Rule 11(e)(1)(C) is now contained in Rule 11(c)(1)(C).

MR. CRONK: Your honor, we're anticipating a level 34, category IV, or level 33, category V.

THE COURT: Okay.

MR. CRONK; That would be 210 to 262 months.

THE COURT: All right. If that turns out to be the case, then the agreed-upon sentence of --

MR. CRONK: 210 months.

THE COURT: --210 months would fall within that guideline range; correct?

MR. CRONK: Yes.

The court informed the parties that it could not accept the agreed sentence of 210 months if it fell outside the guideline range and there were no grounds for a departure.

At the sentencing hearing, the district court addressed the applicable provisions of the Sentencing Guidelines and determined that the guideline range for imprisonment was 235-293 months, based on a total offense level of 34 and a criminal history category of V. After finding that Browne's criminal history was overstated, the court concluded that a downward departure to the 210-262 month guideline range was appropriate. The court then accepted the plea agreement and imposed the agreed upon sentence.

In 2008, Browne moved for a sentence reduction, pursuant to 18 U.S.C. § 3582 (c)(2), based on Amendment 706 to the Sentencing Guidelines which retroactively lowered the base offense level for cocaine base offenses. The district court granted the motion and reduced Browne's sentence to 168 months. After the government appealed, we reversed, holding that Browne's sentence was based on a binding plea agreement which the district court lacked authority under § 3582(c)(2) to alter. *United States v. Browne*, 364 Fed. Appx. 315 (8th Cir. 2010).

Following the decision of the United States Supreme Court in *Freeman v. United States*, __ U.S. __, 131 S. Ct. 2685, 180 L.Ed.2d 519 (2011), Browne filed a second § 3582(c)(2) motion to reduce his sentence. The district court found that Browne's 210-month sentence was based on a "Rule 11(e)(1)(C) plea agreement with an agreed sentence" and not based on the Sentencing Guidelines. As such, the court concluded that the ruling in *Freeman* did not benefit Browne and he was not entitled to relief under § 3582(c)(2).

## II.

We review de novo the district court's determination that Browne was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). *United States v. Scurlark,* 560 F.3d 839, 841 (8th Cir. 2009).

Section 3582(c)(2) provides that a court may reduce a sentence of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Because the Sentencing Commission lowered the guideline range for cocaine base offenses, Browne would be eligible for a sentence reduction only if the sentence of imprisonment he received was "based on" the sentencing guidelines.

In *Freeman*, the United States Supreme Court addressed the question of whether defendants who, like Browne, enter into Rule 11(c)(1)(C) plea agreements that specify a particular sentence "may be said to have been sentenced 'based on' a Guidelines sentencing range, making them eligible for relief under § 3582(c)(2).*" Freeman,* 131 S.Ct. at 2691. In a plurality opinion in which four justices joined, Justice Kennedy reasoned that because a judge in imposing a sentence must exercise discretion that is "framed by the Guidelines," *Id*. at 2690, the decision to accept an 11(c)(1)( C) plea agreement "and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek §

-4-

3582(c)(2) relief." *Id*. at 2695. Four dissenting justices believed that a sentence imposed pursuant to an 11(c)(1)(C) agreement is based on the agreement, not on the Sentencing Guidelines, and therefore could not be reduced under § 3582(c)(2). Id. at 2700 (Roberts, C.J., dissenting).

In a concurring opinion, Justice Sotomayor concluded that "if a [Rule 11(c)(1)(C)] agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.* at 2695 (Sotomayor, J., concurring). Under Justice Sotomayor's approach, it is the language of the written plea agreement that determines the applicability of § 3582(c)(2). Thus, the statute is applicable (1) where the agreement "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) where the agreement provides for a specific term of imprisonment and "make[s] clear that the basis for the specified term is a Guidelines range applicable to the offense to which the defendant pleaded guilty." *Freeman*, 131 S.Ct. at 2697. If the plea agreement "does not indicate the parties' intent to base the term of imprisonment on a particular Guidelines range subsequently lowered by the Commission, then § 3582(c)(2) simply does not apply." *Id*. at 2699, fn. 5. It is Justice Sotomayor's concurring opinion in *Freeman* that is controlling and represents the holding of the Court. *See United States v. Thompson,* 682 F.3d 285, 290 (3rd Cir. 2012) ("We therefore conclude, as has every other circuit to consider the question, that, because Justice Sotomayor's opinion [in *Freeman*] is narrower than Justice Kennedy's*,* it expresses the holding of the Court."(citations omitted)). *See also Gregg v. Georgia*, 428 U.S. 153, 169, n. 15 (1976) (holding of the Court is the position taken by member who concurs in the judgment on the narrowest grounds).

Unlike the plea agreement in *Freeman,* which stated that the defendant "agrees to have his sentence determined pursuant to the Sentencing Guidelines," *Id*. at 2691,

-5-

Browne's plea agreement stated just the opposite---*i.e.*, that "the Sentencing Guidelines do not directly apply to the sentencing in this case*"* and that the agreement of 210 months was "based on the circumstances" of the case. Browne's plea agreement contained no specific reference to a Sentencing Guidelines range applicable to the offense. As determined by the sentencing court, the applicable guideline range (before departure) was 235-293 months. There is no mention of this range or any other guideline range in the plea agreement.

Nevertheless, Browne argues that the references to sentencing factors and citation to certain Sentencing Guidelines provisions in the plea agreement show that a guideline range was the basis for the agreed-to sentence. In *Freeman,* Justice Sotomayor found such an argument unavailing. The Sentencing Guidelines will likely be the starting point in all plea negotiations, as the parties know that whatever they agree to must be evaluated by the sentencing judge in the context of the guidelines. *See U.S.S.G.* § 6B1.2( c) (*discussed infra)*. The parties' consideration of Sentencing Guidelines provisions does not make § 3582(c)(2) applicable, for "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject." *Id.* at 2697. The focus in determining eligibility for a § 3582(c)(2) sentence reduction is on the contents of the written plea agreement itself; the negotiations leading up to the final document do not come into play. It is only when a Rule 11(c)(1)( C) agreement "explicitly employs a particular Guidelines sentencing range to establish the term of imprisonment" that it can be said that "the agreement itself demonstrates the parties' intent that the imposed term of imprisonment will be based on that range, as required for sentence reduction under [§ 3582(c)(2)]." *Id.* at 2698.

The references to Sentencing Guidelines provisions in Browne's plea agreement reflect no more than the parties' consideration of various Sentencing Guidelines provisions in arriving at a stipulated sentence. As discussed above, no specific guideline range is mentioned and no such range can even be inferred from

the sentencing factors and guidelines that are cited.[4]  The references to Sentencing Guidelines provisions in Browne' plea agreement do not satisfy the explicitness required to demonstrate the parties' intent to base the agreed-upon term of imprisonment on a particular guidelines sentencing range.

The concurrence in *Freeman* also leads us to reject Browne's argument that the district court's analysis of the Sentencing Guidelines shows that the sentence was based on a guidelines range.  Before accepting the plea agreement, the district court reviewed the relevant sentencing guidelines, determined Browne's total offense level and criminal history category, and calculated the guidelines range applicable to the offense.  Section 6B1.2(c) of the Sentencing Guidelines provides that in the case of a Rule 11(c)(1)( C) agreement that includes a specific sentence, "the court may accept the agreement if the court is satisfied either that (1) the agreed sentence is within the applicable guideline range; or (2) . . . the agreed sentence departs from the applicable guideline range for justifiable reasons . . ." *U.S.S.G.* § 6B1.2(c). Thus, the court could not accept the plea agreement without first determining the applicable guideline range.  The fact that a court does what § 6B1.2(c) requires (*i.e.*, "to use the Guidelines as a yardstick in deciding whether to accept" a Rule 11(c)(1)( C) agreement) does not mean that the sentence imposed was "based on" a particular guidelines range.  *Id*. at 2696. Once Browne's plea agreement was accepted, the sentencing court was bound to impose the agreed-to sentence of 210 months.  The sentence imposed was pursuant to---and therefore based on---the plea agreement, not on the guidelines range determined by the court. *Id*.; *see also Scurlark,* 560 F.3d at 842 (after accepting Rule 11(c)(1)(C) agreement, court bound to sentence defendant pursuant to agreement; § 3582(c)(2) inapplicable because sentence was based on the agreement).

---

[4]For example, the plea agreement states that the parties recommend an adjustment for the defendant's "aggravated (sic) role in the offense within the meaning of §§ 3B1.1 and 3B1.2."  The agreement does not state whether the adjustment should be an increase of 2, 3 or 4 levels under  U.S.S.G.  § 3B1.1., and U.S.S.G. § 3B1.2 applies to mitigating roles.

Finally, Browne argues that the oral statements made by the prosecutor establish that the agreed upon sentence was based on a guidelines range. The same argument was considered by the court in *United States v. Dixon*, 687 F.3d 356 (7th Cir. 2012). In *Dixon*, the written plea agreement provided for a sentencing range of 15 to 20 years, but did not refer to a sentencing guidelines range that could have formed a basis for the agreed upon range. At sentencing, the prosecutor stated orally that the agreed upon sentencing range was "from one-half to two-thirds of the bottom of the applicable Guideline range" and that it represented a reduction that took into account the defendant's substantial assistance. *Id*. at p. 360. The court of appeals rejected the defendant's argument that the prosecutor's oral statements linking the agreed upon sentencing range to a guidelines range were sufficient to make him eligible for § 3582(c)(2) relief. *Id*. at 361. We agree with the Seventh Circuit that such an argument is foreclosed by Justice Sotomayor's opinion in *Freeman* which "rejected reliance on the parties' negotiations and oral explanations beyond the scope of the written agreement itself." *Id.* Because it is the language of the plea agreement itself that determines whether a defendant is eligible for relief under § 3582(c)(2), "[a]ll that matters is whether the parties' binding plea agreement was expressly based on the Sentencing Guidelines, not whether the Guidelines informed the parties' decision to enter into the agreement or whether the Guidelines informed the court's decision to accept the agreement." *Dixon*, 687 F.3d at 361 (citations omitted).

## III.

Because the written plea agreement in this case did not expressly state a Sentencing Guidelines range as the basis for the parties' agreed upon sentence, it cannot be said that the sentence imposed was based on a sentencing range that was subsequently lowered by the Sentencing Commission. Therefore, we affirm the district court's denial of Browne's motion for a sentence reduction under § 3582(c)(2).