# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3823

_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Tyrone Bailey, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 11, 2016
Filed: April 11, 2016
[Published]

_____

Before MURPHY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Calvin Bailey, Jr. was charged with conspiring to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Bailey entered a guilty plea pursuant to a plea agreement under Rule 11(c)(1)(C) of

the Federal Rules of Criminal Procedure, which the district court[1] accepted. Subsequently, the United States Sentencing Commission reduced the drug quantity base offense levels by two. Seeking this two-level reduction, Bailey moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Bailey's motion. We affirm.

## I. *Background*

Bailey was charged in a one-count indictment, along with nine other individuals, with conspiring to possess with intent to distribute more than 50 grams of cocaine base. After several of Bailey's codefendants pleaded guilty, Bailey entered a guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement. In agreeing to a sentence of 96 months' imprisonment, the parties stipulated the following:

A. The parties agree that the base offense level is 16 pursuant to U.S.S.G. § 2D1.1(c)([12]).

B. The parties agree that the amount of controlled substance is between 2.8 grams but less than 5.6 grams of cocaine base.

C. The defendant is eligible for a 2 point reduction for acceptance of responsibility unless the defendant takes any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility. If the offense level is 16 or greater, the determination of whether the defendant is eligible for a third point reduction for acceptance of responsibility will be made by the United States at the time of sentencing.

D. The parties stipulate that no other enhancements or reductions under Section 2D1.1 or Chapter 3 of the Guidelines apply.

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

E. The defendant agrees and stipulates that he specifically waives any and all challenges to the searches, seizures, arrests and statements that have taken place as of the date of the execution of this plea agreement by the defendant in this investigation by any entity, and in any forum where the offense may be pursued and/or forfeiture may be sought.

The district court reviewed the terms of the plea agreement with Bailey and made sure that Bailey understood them. By working out a Rule 11(c)(1)(C) plea agreement, Bailey reduced his term of imprisonment by approximately six years.[2] The district court accepted the plea agreement.

In response to the congressional directive in 28 U.S.C. § 994(g),[3] the United States Sentencing Commission adopted Amendment 782. The amendment reduced by two the offense levels in the drug quantity tables at U.S.S.G. §§ 2D1.1 and 2D1.11. The Sentencing Commission recognized that Amendment 782 would have far-reaching effects. It estimated that 46,000 offenders could potentially benefit from retroactive application of the amendment, and it calculated that the average sentence would be reduced by approximately 18 percent. *See* U.S.S.G. supp. to app. C amend. 782 at 87 (U.S. Sentencing Comm'n 2014). Shortly after Amendment 782 went into effect, Bailey filed a pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion, concluding that Bailey's sentence

___

[2]At the time that the parties entered the plea agreement, the presentence investigation report (PSIR) was not complete. Once completed, it calculated Bailey's Guidelines range as 168 to 210 months' imprisonment based on an offense level of 30. As a career offender, Bailey's offense level was 32. The Guidelines provide for a two-level reduction of the offense level for acceptance of responsibility.

[3]In promulgating guidelines, "[t]he [United States Sentencing] Commission . . . shall take into account the nature and capacity of the penal, correctional, and other facilities and services available . . . . The sentencing guidelines . . . shall be formulated to minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons . . . ." 28 U.S.C. § 994(g).

was not based on the Guidelines. Because Bailey's plea agreement did not expressly use a Guidelines sentencing range for the offense, the district court held that his term of imprisonment was not based on a sentencing range that the Sentencing Commission had lowered.

## II. *Discussion*

On appeal, Bailey argues that the district court erred because his "plea agreement is explicitly based, in part, on a Guidelines provision that was subsequently lowered by Amendment 782." We review de novo a district court's legal conclusion that a sentence is ineligible for modification under 18 U.S.C. § 3582(c)(2). *United States v. Scurlark*, 560 F.3d 839, 841 (8th Cir. 2009).

Where a defendant's "term of imprisonment [is] based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment." 18 U.S.C. § 3582(c)(2). Because the Sentencing Commission lowered the Guidelines range for cocaine base offenses, Bailey would be eligible for a sentence reduction if his sentence were "based on" the Guidelines. Bailey's sentence, however, is not derived expressly from a Guidelines calculation but results from negotiated exchanges intended to avoid the full brunt of a career-offender enhancement.

In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court addressed whether a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement can be reduced under 18 U.S.C. § 3582(c)(2). Justice Sotomayor's concurring opinion in *Freeman* is controlling. *See United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012) ("It is Justice Sotomayor's concurring opinion in *Freeman* that is controlling and represents the holding of the Court"); *United States v. Thompson*, 682 F.3d 285, 290 (3rd Cir. 2012) ("We therefore conclude, as has every other circuit to consider the question, that, because Justice Sotomayor's opinion [in *Freeman*] is narrower than Justice Kennedy's, it expresses the holding of the Court." (citations omitted)); *cf.*

*Gregg v. Georgia*, 428 U.S. 153, 169 n.15 (1976) (holding of the Court is the position taken by member who concurs in the judgment on the narrowest grounds).

In *Freeman*, Justice Sotomayor concluded that

> if a [Rule 11(c)(1)](C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is "based on" the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2).

131 S. Ct. at 2695 (Sotomayor, J., concurring). A sentence is "based on" a Guidelines range if "that range serves as the basis or foundation for the [sentence]." *Id.* Strictly speaking, the plea agreement itself is the foundation for a sentence in the Rule 11(c)(1)(C) context. *Id.* at 2696. Yet, a sentence imposed pursuant to such an agreement may still be reduced under § 3582(c)(2) where the agreement (1) "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) provides for a specific term of imprisonment and "make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *Id*. at 2697. If the plea agreement "does not indicate the parties' intent to base the term of imprisonment on a particular Guidelines range subsequently lowered by the [Sentencing] Commission, then § 3582(c)(2) simply does not apply." *Id*. at 2698 n.5.

The language of Bailey's plea agreement determines the applicability of § 3582(c)(2). Bailey's plea agreement stipulates that the base offense level is 16 pursuant to U.S.S.G. § 2D1.1(c)(12); the amount of cocaine base is between 2.8 grams but less than 5.6 grams; Bailey is eligible for a two-level reduction for acceptance of responsibility; and no other enhancements or reductions under § 2D1.1 or Chapter 3

of the Guidelines apply. The parties then agreed to a sentence of 96 months' imprisonment.

This plea agreement clearly fails to fit the first category of cases that Justice Sotomayor determined are "based on" the Guidelines—the plea agreement does not expressly use a particular Guidelines sentencing range. Looking to the second category, Bailey's plea agreement also comes up short, though the distance is less. The agreement sets forth a specific term of 96 months' imprisonment. The agreement stipulates that the base offense level is 16 and that Bailey is eligible for a two-level reduction for acceptance of responsibility. Because the PSIR had not been completed at the time the parties entered into the plea agreement, Bailey's criminal history category and career-offender status remained undetermined. Bailey, however, anticipated a criminal history category of VI. Under the Guidelines, an offense level of 14 and criminal history category of VI yields a sentencing range of 37 to 46 months' imprisonment. But, if Bailey were a career offender, as the government anticipated and as the PSIR later determined, his base offense level would be 32. Taking into account the two-level reduction for acceptance of responsibility, Bailey's offense level would be 30, with a Guidelines range of 168 to 210 months' imprisonment.

The language of the plea agreement does not "make clear" how the 96-month sentence was calculated or ultimately chosen. The 96-month sentence does not fall within the lower Guidelines range that the stipulated facts would yield. Nor does it fall within the higher Guidelines range under which Bailey would be sentenced as a career offender. As Bailey acknowledges, the plea agreement indicates that it was the product of a negotiation between two potentially applicable ranges: a higher range as a career offender (168 to 210 months) and the explicitly referenced lower range (37 to 46 months). The plea agreement reflects the reality that "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject." *See Freeman*, 131 S. Ct. at 2697 (Sotomayor, J., concurring).

It does not, however, "*make clear* that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." *See id.* (emphasis added). Applying *Freeman*, we conclude that Bailey is not entitled to a sentence reduction under Amendment 782.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____