# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2990
_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Michael Bogdan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Council Bluffs

_____

Submitted: April 15, 2016
Filed: August 30, 2016

_____

Before LOKEN, BEAM, and SMITH, Circuit Judges.

_____

LOKEN, Circuit Judge.

Joseph Michael Bogdan appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). "Section 3582(c)(2) provides that a court may reduce a sentence of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Browne, 698 F.3d 1042, 1045 (8th Cir. 2012) (quotation omitted), cert. denied, 133

S. Ct. 1616 (2013). The district court[1] ruled that Bogdan was ineligible for a reduction because his sentence was based on a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement ("(C) agreement"), not on a retroactively amended sentencing guidelines range, as § 3582(c)(2) and U.S.S.G. § 1B1.10 require. Reviewing the determination of eligibility for a § 3582(c)(2) sentence reduction *de novo*, see Browne, 698 F.3d at 1045 (standard of review), we affirm.

In his 2010 (C) agreement, Bogdan pleaded guilty to conspiring to distribute more than 500 grams of methamphetamine, stipulated to a 240-month sentence, and acknowledged three prior felony drug convictions. The government agreed to dismiss five remaining counts in the indictment and to withdraw two of the three prior convictions from the information it had filed giving notice of prior convictions under 21 U.S.C. § 851. This reduced Bogdan's statutory mandatory minimum sentence from life to twenty years (240 months) in prison. See 21 U.S.C. § 841(b)(1)(A). Before sentencing, the government moved to reduce the stipulated 240-month sentence based on Bodgan's substantial assistance. See 18 U.S.C. § 3553(e). At sentencing, the district court accepted the (C) agreement, granted a 15% substantial assistance reduction, and sentenced Bogdan to 204 months in prison.

In 2014, the Sentencing Commission adopted Amendment 782 to the advisory guidelines, which retroactively reduced most drug quantity base offense levels by two levels. See United States v. Thomas, 775 F.3d 982, 982-83 (8th Cir. 2014). In response, the United States Probation Office reported to the district court that Bogdan appeared to be eligible for a sentence reduction pursuant to § 3582(c)(2). The district court denied a reduction, agreeing with the government that Bogdan's sentence was based on his (C) agreement, not on drug quantity, and therefore "Amendment 782 has no impact on [his] sentence." On appeal, Bogdan argues the district court erred in

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

determining that his (C) agreement sentence was not "based on" an applicable guideline range that was lowered by Amendment 782. We disagree.

1. A threshold question is whether, if we ignore the (C) agreement, Bogdan would be eligible for a § 3582(c)(2) reduction because Amendment 782 would have "the effect of lowering [his] applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). This question addresses the impact of a statutory mandatory minimum sentence on § 3582(c)(2) eligibility. In Golden v. United States, 709 F.3d 1229, 1231 (8th Cir.), cert. denied, 134 S. Ct. 639 (2013), where there was no (C) agreement, the defendant's initial guidelines range was above the mandatory minimum sentence, but the district court granted a substantial assistance reduction and sentenced below the mandatory minimum. We affirmed the denial of a further § 3582(c)(2) reduction, concluding that a subsequent guidelines amendment cannot affect a statutory mandatory minimum sentence.

Resolving a conflict in the circuits on this issue, the Sentencing Commission overruled Golden in Amendment 780 by adding U.S.S.G. § 1B1.10(c). The Commission gave two examples in Application Note 4. Both address situations in which the initial guidelines range, as well as an applicable mandatory minimum, apply and therefore affect the initial sentencing determination -- where the range is above the minimum, as in Golden, and where a mandatory minimum becomes the bottom, but not the top, of the range. Here, however, Bogdan asserts that the mandatory minimum was above his *entire* guidelines range, a situation that would seemingly be governed by Application Note 1(A) to U.S.S.G. § 1B1.10:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . if . . . an amendment listed in subsection (d) [such as Amendment 782] . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

-3-

We are inclined to agree with Fourth Circuit Chief Judge William Traxler that, in this situation, the sentence would not be based on a range the Sentencing Commission subsequently lowered, "because it was not based on a *sentencing range* in the first instance." United States v. Williams, 808 F.3d 253, 264 (4th Cir. 2013) (Traxler, C.J., dissenting). If that is correct, then our decision in United States v. Moore, 734 F.3d 836, 838 (8th Cir. 2013), remains controlling precedent, and Bogdan is not eligible for a § 3582(c)(2) reduction. But the government has not argued this issue, so we will assume without deciding that both Moore and Golden were overruled by Amendment 780 and § 1B1.10(c).

2. Turning to the (C) agreement issue, in United States v. Freeman, 131 S. Ct. 2685 (2011), a divided Supreme Court resolved a conflict in the circuits concerning when a sentence established by a court-approved (C) agreement is "based on" a subsequently lowered sentencing range. Justice Sotomayor's concurring opinion "is controlling and represents the holding of the Court." Browne, 698 F.3d at 1045. The opinion states that a defendant whose sentence was imposed pursuant to a (C) agreement is eligible for a § 3582(c)(2) reduction if the (C) agreement "(1) 'calls for the defendant to be sentenced within a particular Guidelines sentencing range,' or (2) provides for a specific term of imprisonment and 'makes clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty.'" United States v. Bailey, 820 F.3d 325, 329 (8th Cir. 2016), quoting Freeman, 131 S. Ct. at 2697. "The focus in determining eligibility for a § 3582(c)(2) sentence reduction is on the contents of the written plea agreement itself; the negotiations leading up to the final document do not come into play." Browne, 698 F.3d at 1046.

Bogdan argues he is eligible for a § 3582(c)(2) reduction because his 240-month sentence "was clearly based on a guidelines range" that was lowered by Amendment 782. This requires a clear showing in the terms of the (C) agreement that an applicable sentencing range was "the basis for the specified term" of 240 months.

After reciting that Bogdan would be subject to a minimum statutory term of life in prison without the (C) agreement because he had two prior felony drug convictions, § 841(b)(1)(A), the operative paragraph of the (C) agreement provided:

> The parties stipulate that under the circumstances of this case, taking into consideration [the § 3553(a)] factors; in consideration of the Defendant's plea of guilty to the major offense charged in the Superseding Indictment, the Defendant's waiver of appeal and post-conviction review, and the Defendant's waiver of a [§ 851] proceeding regarding his prior felony drug convictions; and based on all considerations contained in the plea agreement, the appropriate sentence in this case is twenty (20) years imprisonment, to be followed by a term of supervised release of ten (10) years, and a $100.00 special assessment for the Crime Victims Fund.

A footnote explained that, "[t]o accomplish this stipulated sentence," the government would withdraw two prior felony drug convictions from its § 851 information, leaving the third in effect. With only one prior felony drug conviction, Bogdan's mandatory minimum statutory sentence was 240 months, rather than life. § 841(b)(1)(A). Bogdan argues that the stipulated 240-month-sentence was "based on the applicable guidelines range" because the PSR calculated his original guidelines range as 188-235 months, and the statutory mandatory minimum sentence became his applicable guideline range under U.S.S.G. § 5G1.1(b).

We are not inclined to agree that a (C) agreement "make[s] clear that the basis for the specified term" is an applicable guidelines range under Freeman merely because the agreement expressly adopts a statutory mandatory minimum sentence that becomes a guidelines "range" artificially established by § 5G1.1(b). The more logical interpretation would be that the (C) agreement was based on the mandatory minimum, not on a guidelines range. But we need not decide that question in this case because Bogdan's contention is factually flawed. His (C) agreement neither recited an applicable guidelines range of 188-235 months, nor recited facts sufficient to

determine that this was the applicable range. To take an obvious example of why the agreement did not permit determination of the applicable range asserted by Bogdan, his prior drug felony convictions surely warranted career offender enhancements (which do not require filing of a § 851 information), likely producing a guidelines range that would be, in whole or in part, above the 240-month mandatory minimum. In these circumstances, it "is not evident from the [(C)] agreement itself" that the applicable guidelines range determined the term specified in the (C) agreement, as Freeman requires. United States v. Long, 757 F.3d 762, 764 (8th Cir. 2014) (quotation omitted), cert. denied, 135 S. Ct. 991 (2015); accord United States v. Johnson, 697 F.3d 1190, 1191 (8th Cir. 2012), cert. denied, 133 S. Ct. 2014 (2013).

Bogdan further points to a section of the (C) agreement titled "Sentencing Considerations," which recites that, *without* a (C) agreement, "[should a sentence pursuant to the advisory [guidelines] be available, the sentence to be imposed would be solely within the District Court's discretion," giving due consideration to factors that establish an advisory sentencing range, including facts included in the (C) agreement's Stipulation of Facts. However, this was nothing more than a provision showing that the parties understood what would happen without the (C) agreement. Such a provision does not show that the (C) agreement "explicitly employ[ed] a particular Guidelines sentencing range to establish the term of imprisonment." Browne, 698 F.3d at 1046, quoting Freeman, 131 S. Ct. at 2698; accord Bailey, 820 F.3d at 327-28; United States v. Logan, 710 F.3d 856, 859 (8th Cir. 2013).

We affirm the Order of the district court dated August 19, 2015, denying Joseph Bogdan's motion for a § 3582(c)(2) sentence reduction.

_____