# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3794

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy D. Koons

*Defendant - Appellant*

_____

No. 15-3825

_____

United States of America

*Plaintiff - Appellee*

v.

Kenneth Jay Putensen

*Defendant - Appellant*

_____

No. 15-3854

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Feauto

*Defendant - Appellant*

_____

No. 15-3880

_____

United States of America

*Plaintiff - Appellee*

v.

Esequiel Gutierrez

*Defendant - Appellant*

_____

No. 15-3894

_____

United States of America

*Plaintiff - Appellee*

v.

Jose Manuel Gardea

*Defendant - Appellant*

_____

-2-

_____

Submitted: October 19, 2016
Filed: March 10, 2017

_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

In these consolidated appeals, five defendants convicted of methamphetamine conspiracy offenses appeal denial of their motions for sentence reductions under 18 U.S.C. § 3582(c)(2). For all five, the initial advisory guidelines range was entirely below the statutory mandatory minimum, and each was sentenced below that minimum after the district court granted government motions for § 3553(e) substantial assistance departures. The question is whether § 3582(c)(2) relief is now available because Amendment 782 to the Guidelines retroactively reduced by two levels the base offense levels assigned to drug quantities, lowering the advisory guidelines range for most drug offenses. We conclude that these defendants are not eligible for a § 3582(c)(2) reduction because their sentences were not "based on" a guidelines range subsequently lowered by the Sentencing Commission. Thus, we affirm the district court's denial of sentencing reductions on a different ground.

**I.**

In November 2012, Randy Feauto pleaded guilty to conspiracy to manufacture and distribute 50 grams or more of actual methamphetamine and unlawful possession of a firearm. Feauto's advisory guidelines range was 168 to 210 months in prison, but the conspiracy offense mandated a statutory minimum 20-year sentence, which

-3-

became his guidelines sentence under U.S.S.G. § 5G1.1(b). The government moved for a substantial assistance downward departure. See 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The government recommended a ten percent reduction because Feauto had continued dealing drugs while assisting law enforcement by making controlled buys from drug dealers. The district court imposed a 132-month sentence, 45 percent below the mandatory minimum.

After Amendment 782 became effective on November 1, 2014, the district court initiated a § 3582(c)(2) proceeding to determine whether Feauto was eligible for a sentence reduction. The United States Probation Office calculated his amended guidelines range to be 121 to 151 months in prison, disregarding § 5G1.1 of the Guidelines, as U.S.S.G. § 1B1.10(c) instructs. Promulgated by the Commission in Amendment 780, § 1B1.10(c) provides, with emphasis added:

> Cases Involving Mandatory Minimum Sentences and Substantial Assistance. If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the *amended guideline range shall be determined without regard to the operation of § 5G1.1* (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

This appeared to make Feauto eligible for discretionary § 3582(c)(2) relief that could reduce his sentence to as low as 67 months, a reduction comparable to the initial 45 percent substantial assistance reduction. See U.S.S.G. § 1B1.10, cmt. n.4.

At the § 3582(c)(2) motion hearing, the district court commented, "I don't see how a retroactive guideline can essentially trump a mandatory minimum like it does in this case," and ordered briefing on the issue. The government and Feauto agreed

he was eligible for a reduction, but disagreed as to whether the district court should exercise its discretion to reduce his sentence. After giving the parties an opportunity to comment on its tentative decision, the court ruled that the Sentencing Commission exceeded its authority in promulgating a guideline, § 1B1.10(c), that nullifies the statutory minimum sentence, or that Congress violated the non-delegation doctrine and separation-of-powers principles if it granted that authority. Accordingly, the district court concluded, Feauto was not eligible for § 3582(c)(2) relief because he "was subject to a mandatory minimum sentence exceeding both his original guideline range and his amended guideline range." United States v. Feauto, 146 F. Supp. 3d 1022, 1041 (N.D. Iowa 2015). This decision was consistent with controlling Eighth Circuit precedent prior to the adoption of § 1B1.10(c) in November 2014. See United States v. Moore, 734 F.3d 836, 838 (8th Cir. 2013).

The other four appellants were likewise convicted of drug conspiracy offenses mandating statutory minimum sentences greater than their entire advisory guidelines ranges -- Timothy Koons (20-year mandatory minimum), Kenneth Jay Putensen (life), Jose Gardea (10 years), and Esequiel Gutierrez (20 years). Each was granted a substantial assistance reduction below the mandatory minimum sentence -- Koons to 180 months (25 percent); Putensen to 264 months (35 percent); Gardea to 84 months (30 percent); and Gutierrez to 192 months (36 percent). Amendment 782 lowered their amended guidelines ranges further below the mandatory minimum, calculated in accordance with § 1B1.10(c). The district court denied § 3582(c)(2) sentencing reductions, relying on its ruling in Feauto. These appeals followed. We review defendants' eligibility for § 3582(c)(2) sentence reductions *de novo*. United States v. Bogdan, 835 F.3d 805, 807 (8th Cir. 2016).

## II.

Providing a rare exception to the finality of criminal judgments, § 3582(c)(2) allows a district court to reduce the sentence of "a defendant who has been sentenced

to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement, U.S.S.G. § 1B1.10, provides that a defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in § 1B1.10(d), such as Amendment 782. See U.S.S.G. § 1B1.10(a). The extent of a § 3582(c)(2) reduction is normally limited to the bottom of the amended guidelines range, but if the defendant initially received a sentence below the initial guidelines range by reason of a substantial assistance reduction, "a reduction comparably less than the amended guideline range . . . may be appropriate." § 1B1.10(b)(2)(B).

For a defendant to be eligible for § 3582(c)(2) relief under U.S.S.G. § 1B1.10(a), Amendment 782 must lower his applicable guideline range. A conflict in the circuits developed regarding how to determine eligibility when the applicable guidelines range is affected by a mandatory minimum sentence. Some circuits held that a retroactive amendment did not have the effect of lowering the defendant's applicable guidelines range because, by reason of § 5G1.1(b), the amended and original range were both determined by the mandatory minimum. See, e.g., United States v. Joiner, 727 F.3d 601, 608-09 (6th Cir. 2013), cert. denied, 134 S. Ct. 1357 (2014); United States v. Johnson, 732 F.3d 109, 114-15 (2d Cir. 2013); United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009). In promulgating § 1B1.10(c), the Commission explained that "circuits are split over what to use as the bottom of the [amended] range." The Commission "generally adopt[ed]" the approach of the Third Circuit and the D.C. Circuit -- when a defendant's initial guidelines range was entirely below the mandatory minimum, "the bottom of the amended range [is] . . . the

bottom of the Sentencing Table guideline range," disregarding § 5G1.1(b). U.S.S.G. App. C, Amend. 780, at 56 (Supp. 2015), citing United States v. Savani, 733 F.3d 56, 66-67 (3d Cir. 2013), and In re Sealed Case, 722 F.3d 361, 369-70 (D.C. Cir. 2013).[1]

The government's interpretation of § 1B1.10(c) makes defendants eligible for § 3582(c)(2) reductions, contrary to our controlling prior precedents. See Moore, 734 F.3d at 838; Baylor, 556 F.3d at 673. On appeal, the government argues that § 1B1.10(c) requires us to reexamine these precedents and urges us to follow the Fourth Circuit panel majority in United States v. Williams, 808 F.3d 253 (4th Cir. 2015). Defendants are eligible for discretionary § 3582(c)(2) reductions, the government argues, because § 3582(c)(2) authorizes a reduction based on a defendant's substantial assistance if it is "consistent with applicable policy statements issued by the Sentencing Commission."

As we noted in Bogdan, 835 F.3d at 807, the government, like the Commission, ignores a critical "threshold question" raised by the plain language of § 3582(c)(2), namely, whether each defendant was sentenced "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2) (emphasis added); see Dillon v. United States, 560 U.S. 817, 821 (2010). Like the defendants in this case, Joseph Bogdan's guidelines range was entirely below the mandatory minimum, and he received an initial sentence below the mandatory minimum for his substantial assistance. We did not answer this threshold question in Bogdan because that case turned on the application of the Supreme Court's decision in Freeman v.

---

[1] In deciding these appeals, we accept the Commission's resolution of conflicting judicial interpretations of the term "applicable guideline range" in U.S.S.G. § 1B1.10(a). "[P]rior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation" provided it does not violate the Constitution or a federal statute and is not plainly erroneous. Stinson v. United States, 508 U.S. 36, 46 (1993). The district court concluded that § 1B1.10(c) is constitutionally flawed, an issue we do not address.

United States, 564 U.S. 522 (2011), to defendant Bogdan's Rule 11(c)(1)(C) plea agreement. But we were "inclined to agree with Fourth Circuit Chief Judge William Traxler that, in this situation, the sentence would not be based on a range the Sentencing Commission subsequently lowered, 'because it was not based on a *sentencing range* in the first instance.'" Id. at 808, quoting Williams, 808 F.3d at 264 (Traxler, C.J., dissenting). "The more logical interpretation would be that the [term of imprisonment] was based on the mandatory minimum, not on a guidelines range." Bogdan, 835 F.3d at 809.

With the issue now fully briefed and argued, we adhere to our tentative conclusion in Bogdan. When the district court grants a § 3553(e) substantial assistance motion and grants a substantial assistance departure to a defendant whose guidelines range is entirely below the mandatory minimum sentence, the court must use the mandatory minimum as the starting point. See United States v. Billue, 576 F.3d 898, 904-05 (8th Cir.), cert. denied, 558 U.S. 1058 (2009). Any "reduction below the statutory minimum must be based exclusively on assistance-related considerations." United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007); see Feauto, 146 F. Supp. 3d at 1036, 1039. In these cases, each defendant's prison term was "based on" his statutory mandatory minimum sentence and his substantial assistance. The guidelines range "artificially established by § 5G1.1(b)" depended upon the mandatory minimum. Bogdan, 835 F.3d at 809. If § 5G1.1(b) did not exist, the district court would still have set these defendants' sentences at the mandatory minimum before considering a substantial assistance departure. And if initially sentenced today with Amendment 782 in effect, the defendants would be "stuck with that mandatory minimum sentence as a 'starting point' for any substantial assistance reduction." Feauto, 146 F. Supp. 3d at 1037. "In essence, the advisory sentencing range became irrelevant." Williams, 808 F.3d at 264 (Traxler, C.J., dissenting).

We respectfully decline to follow the Fourth Circuit panel majority in Williams. In United States v. Hood, 556 F.3d 226 (4th Cir.), cert. denied, 558 U.S.

921 (2009), an earlier Fourth Circuit panel concluded: "Because Hood's 240-month Guidelines sentence was based on a statutory minimum and U.S.S.G. § 5G1.1(b), it was not *based on* a sentencing range lowered by Amendment 706, and at this point in the analysis, Hood would not be eligible for a reduced sentence under § 3582(c)(2)." Hood, 556 F.3d at 233. Likewise, in Moore, 734 F.3d at 838, we held that "Moore's sentence was based on a statutory mandatory minimum term of imprisonment. Accordingly, Amendment 750 does not apply . . . and Moore is not eligible for relief under section 3582(c)(2)." Then-Chief Judge Traxler's dissent in Williams specifically relied on Hood's statutory "based on" analysis, 808 F.3d at 265-66, yet the Williams majority concluded that Hood was simply "inapplicable" after Amendment 780, ignoring altogether that "based on" is a statutory prerequisite of § 3582(c)(2) eligibility, id. at 261.

The Commission in Amendment 780 also ignored this "based on" statutory requirement, despite numerous circuit court decisions such as Hood and Moore that had considered this a critical, if not determinative, issue. For example, in "generally" adopting the Third Circuit and D.C. Circuit "approach," the Commission did not acknowledge the D.C. Circuit's analysis of the "based on" requirement in In re Sealed Case, 722 F.3d at 365-66, nor the fact that the Third Circuit in Savani, 733 F.3d at 67, after concluding that "applicable guideline range" in § 1B1.10(a)(2)(B) was ambiguous and should be construed in favor of the defendants under the Rule of Lenity, remanded for consideration of whether defendants' sentences were "based on" a guidelines range in light of Freeman. See also United States v. Glover, 686 F.3d 1203, 1208 (11th Cir. 2012).

The Commission's failure to consider the meaning of the term "based on" in § 3582(c)(2) is especially perplexing given the Supreme Court's recent decision in Freeman. That case turned on whether a defendant who was sentenced in accordance with a Rule 11(c)(1)(C) plea agreement was *ineligible* for a § 3582(c)(2) reduction because his sentence was "based on" the plea agreement, rather than on a lowered

sentencing range.  Five Justices held that the sentence was based on the plea agreement.  See 564 U.S. at 535 (Sotomayor, J., concurring), 545 (Roberts, C.J., dissenting).  The dissenters acknowledged that a defendant's sentence is "based on" a guidelines range when his Rule 11(c)(1)(C) plea agreement "expressly provid[ed] that the court will sentence the defendant within an applicable Guidelines range." Id. at 546.  Justice Sotomayor concurred in the result, concluding the defendant is also eligible for relief if the plea agreement "make[s] clear that the basis for the specified [prison] term is [an applicable] Guidelines sentencing range."  Id. at 539. The plurality, in the minority on this issue, concluded that the sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is "based on" the applicable guidelines range considered by the district court in accepting the agreement.  Id. a 529.

The reasoning *of all nine Justices* in Freeman required a greater substantive relationship between the plea agreement and a guidelines range than the fictional relationship between a mandatory minimum sentence required by statute and a guidelines "range" determined by § 5G1.1(b).  A § 5G1.1(b) artificial range in no substantive way "serves as the basis or foundation for the term of imprisonment."  Id. at 535 (Sotomayor, concurring).  Justice Sotomayor's concurring opinion controls in construing Freeman.  See United States v. Browne, 698 F.3d 1042, 1045 (8th Cir. 2012), cert. denied, 133 S. Ct. 1616 (2013).  But all nine Justices construed the term "based on" as imposing a substantive limitation on § 3582(c)(2) relief, a limitation inconsistent with the examples discussed by the Commission in Amendment 780, and with the result reached by the Fourth Circuit majority in Williams.

Congress has declared that the Commission's guidelines and policy statements shall "establish a sentencing range that is consistent with all pertinent provisions of title 18, United States Code."  28 U.S.C. § 994(b)(1).  But the Commission's interpretation of § 3582(c)(2) ignores the statute's plain text as construed in Freeman -- defendants' sentences were "based on" the mandatory minimum and their

substantial assistance, not on "a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Once the Supreme Court determines the meaning of a statute, courts "assess an agency's later interpretation of the statute against that settled law." Neal v. United States, 516 U.S. 284, 295 (1996). "[T]he Commission does not have the authority to amend [a] statute" the Supreme Court has construed. Id. at 290; see United States v. Stoneking, 60 F.3d 399, 402 (8th Cir. 1995) (en banc). "If the Commission's revised commentary is at odds with [§ 3582(c)(2)'s] plain language, it must give way." United States v. LaBonte, 520 U.S. 751, 757 (1997). Nor can "the Sentencing Commission . . . overrule circuit precedent interpreting a *statutory* provision." Williams, 808 F.3d at 266 (Traxler, C.J., dissenting).[2]

For these reasons, we conclude that the defendants are ineligible for § 3582(c)(2) sentencing reductions because their initial sentences were not "based on" a guidelines range lowered by Amendment 782. Accord United States v. C.D., No. 15-3318+, 2017 WL 694483 (10th Cir. Feb. 22, 2017). Accordingly, the district court orders denying § 3582(c)(2) reductions are affirmed.

―――――――――――――――――――――

[2]The original Commentary to § 5G1.1 stated, more plainly than the amended version, "[i]f the statute requires imposition of a sentence other than that required by the guidelines, the statute shall control." U.S.S.G. App. C, Vol. 1, Amend. 286.