# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3105
_____

United States of America

*Plaintiff - Appellee*

v.

Mauriosantana Cowan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: May 16, 2018
Filed: May 24, 2018
[Published]

_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Mauriosantana Cowan appeals the district court's[1] denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence under Guidelines Amendment

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

782, which lowered the base offense levels for certain drug offenses. His counsel has moved to withdraw and has submitted a brief arguing that the 300-month sentence the parties agreed to in Cowan's Fed. R. Crim. P. 11(c)(1)(C) plea agreement was based upon the presentence report's (PSR) calculated Guidelines sentencing range of 262-327 months. Cowan has filed a pro se supplemental brief.

We conclude that the district court did not err in denying Cowan's motion because his plea agreement explicitly waived the right to seek section 3582(c)(2) relief. See Freeman v. United States, 564 U.S. 522, 541 (2011) (Sotomayor, J., concurring) (government may ensure that defendant's term of imprisonment will not be reduced by negotiating with defendant to waive right to seek sentence reduction under § 3582(c)(2)); United States v. Bailey, 820 F.3d 325, 328 (8th Cir. 2016) (Justice Sotomayor's concurring opinion in Freeman is controlling and represents holding of the Court). In any event, Amendment 782 would not afford Cowan relief under section 3582(c)(2), because the PSR's Guidelines range was calculated under U.S.S.G. § 4B1.1 based upon Cowan's status as career offender, not drug quantities. See United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014) (per curiam) (defendant was not entitled to sentence reduction under Amendment 782 because it did not lower career-offender Guidelines range).

Accordingly, we grant counsel leave to withdraw, and we affirm.

_____