# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3339
_____

United States of America

*Plaintiff - Appellee*

v.

Shane Seizys

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: March 16, 2026
Filed: June 24, 2026
[Published]
_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

PER CURIAM.

Shane Seizys entered into a binding plea agreement with the Government in 2016. *See* Fed. R. Crim. P. 11(c)(1)(C). He agreed to plead guilty to two counts of robbery, 18 U.S.C. §§ 1951 and 2, and one count of brandishing a firearm during a crime of violence, 18 U.S.C. §§ 924(c) and 2, in exchange for dismissal of thirteen

other counts. He also agreed to a 348-month sentence. The district court[1] accepted the plea agreement and sentenced Seizys to 132 months on each of the robbery counts and 84 months on the brandishing count, to be served consecutively for a total sentence of 348 months in prison.

Seizys moved for a sentence reduction in 2024 after a retroactive amendment to the U.S. Sentencing Guidelines lowered his criminal history category. *See* U.S.S.G. app. C., amend. 821 (effective Nov. 1, 2023) (reducing criminal history points assigned to offenders who committed their offense "while under any criminal justice sentence"). The district court[2] denied the motion, and Seizys appeals.

Under 18 U.S.C. § 3582(c)(2), a district court may grant a sentence reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A sentence is "'based on' a Guidelines range if the range was a basis for the court's exercise of discretion in imposing a sentence." *Hughes v. United States*, 584 U.S. 675, 686 (2018).

A "typical sentencing case" presents "no question that the defendant's Guidelines range was a basis for his sentence," even when there is a variance. *Id.* And a sentence imposed under a binding Rule 11(c)(1)(C) plea agreement is not excepted from this general rule. *Id.* But "[i]f the Guidelines range was not 'a relevant part of the analytical framework the judge used to determine the sentence or to approve the agreement,' then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *Id.* at 687 (citation omitted).

---

[1]The Honorable Laurie Smith Camp, then Chief Judge, United States District Court for the District of Nebraska, now deceased.

[2]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

Seizys's Guidelines range was not "a relevant part of the analytical framework" the district court used to determine his sentence. The district court considered what Seizys gained in exchange for his guilty plea—the dismissal of eight counts of robbery, four counts of brandishing, and one count of being a felon in possession of a firearm. The brandishing counts alone carried an additional, mandatory 100 years in prison. *See* 18 U.S.C. § 924(c)(1)(C)(i) (effective Oct. 6, 2006 to Dec. 20, 2018) (requiring 25-year term of imprisonment "[i]n the case of a second or subsequent conviction under this subsection"); § 924(c)(1)(D)(ii) (requiring consecutive sentences under subsection (c)(1)). And the district court knew the strength of the evidence, having presided over a co-defendant's trial and Seizys's change of plea hearing.

At sentencing, the court said that after hearing "the kind of sentence [Seizys] was facing if he were to go to trial and be found guilty on those [§ 924(c)] charges," it understood his "motive for entering into the plea agreement and the stipulated sentence in that plea agreement." It was not the Guidelines range that "form[ed] the 'foundation' of the sentences ultimately selected," *Koons v. United States*, 584 U.S. 700, 706 (2018), but rather the agreement that allowed Seizys to avoid a life sentence, *see Hughes*, 584 U.S. at 694 n.2 (Sotomayor, J., concurring) (explaining that there may be a case where the Government makes such substantial concessions in the plea agreement that the agreed upon sentence "would not have been affected if the subsequently lowered Guidelines range had been in place at the relevant time").

Seizys counters that his sentence was "anchored by and closely tied to the Guidelines" because the 132-month sentence on each robbery count was only 7 months above the top of the 100- to 125-month Guidelines range. But to reach the agreed upon "sentence of 29 years' imprisonment, which is a total of 348 months," the district court stacked consecutive 132-month sentences for the two robbery convictions onto the 84-month mandatory minimum consecutive sentence for the brandishing conviction. *See* § 924(c)(1)(A)(ii) (requiring a 7-year term of imprisonment "if the firearm is brandished"). That each robbery sentence was close

to the Guidelines range did not matter to the district court, so Seizys is not eligible for a reduction under § 3582(c)(2). *See United States v. Bogdan*, 835 F.3d 805, 807 (8th Cir. 2016) (reviewing *de novo* whether a defendant was eligible for a sentence reduction under § 3582(c)(2)).

Affirmed.

_____